Brooks *v.* Claywell.

4-8948                                          224 S. W. 2d 37

Opinion delivered October 31, 1949.

Rehearing denied December 5, 1949.

*Ed. K. Brook,* for appellant.

*Sampier & Ford,* for appellee.

Frank G. Smith, J. Claim for compensation was filed by appellee Jan. 21, 1948, claiming that he was employed by Brook's Inc., a domestic corporation, which regularly employed five or more employees, and that he was injured in the course of his employment on November 20, 1947.

A hearing was had before one of the Commissioners at which time it was stipulated that appellee was employed by Brook's Inc., hereinafter referred to as appellant, on and prior to November 20, 1947, and that he was accidentally injured while so employed, and that his injury arose out of and in the course of his employment and that he was earning $25 per week when injured.

An order was filed by the Commission on Aug. 25, 1948, holding that Edward E. Brook, president of appellant company, was one of its employees, working in a dual capacity, making a total of five employees of the Corporation, which, if true, gave the Commission jurisdiction of the claim filed with it. Appellant contended, and now contends, that it had only four employees when appellee was injured, and that therefore the Commission had no jurisdiction of the claim. See paragraph (c), § 2, Workmen's Compensation Act, Act 319, Acts of 1939, p. 777.

Upon the finding stated the Commission approved the claim and awarded the compensation fixed by the Compensation Act, from which award an appeal was duly prosecuted to the Circuit Court, where the Commission's award was affirmed.

Appellant says the only question before the court on this appeal is whether Brook, the president of the appellant company, was an employee as contemplated by the Compensation Act. The question presented for decision is therefore one of fact, and the rule must be applied here, as in all other cases arising under the Act, that the Commission's finding on question of fact will be given the same finality as the verdict of a jury and be affirmed, if there is sufficient competent testimony to support the finding.

Now, as stated, it is conceded that appellee himself was an employee of appellant, and was injured in the course of his employment, and is therefore entitled to the compensation fixed by the Compensation Act, if that Act is applicable, and its applicability is dependent upon the question whether Brook was an employee when appellee was injured.

Brook was president, and manager of the Corporation and testified that he drew no salary, his exact testimony being, "I drew what I needed to get by—we have not decided on a salary until we start making a larger profit. I draw what I need every day."

The appellant company was organized in 1946, and its report to the Internal Revenue Collector for 1947

shows that for that fiscal year it paid social security tax on five employees, but Brook was not one of that number, and no tax has ever been paid for him. The records of the corporation were introduced, which reflect a resolution by its board of directors that "There shall be paid to Edward E. Brook, president and manager of the corporation's business, as compensation for his services to the corporation in those capacities, a salary in, the amount of (not decided) per month, which salary shall be paid monthly out of the funds of the corporation."

It thus appears that it was contemplated and provided that Brook should have a salary to be paid monthly, although the amount thereof was not fixed, and that in the meantime he drew from the company what he needed every day. Now Brook was to be paid for his services not only as president of the company, but also for his services as its manager. The record reflects that his services as president were not extensive, and probably required but little of his time, yet his entire time was devoted to the company's business, he says as its manager.

But what service was he performing? He testified that the company's business was "Appliances, air conditioning and heating services," and that his duties as president were "a little of everything we do there. I do part of almost everything, supervision of our jobs and our sales staff, our shop men and bookkeepers and also sales personel. We have two floors in our store and it depends on what is going on as to what I am doing. I may be waiting on a customer or helping on a radio, or maybe I am bidding on a job or writing a letter." He further testified that at other times his employment was to wait on customers, trying to sell them something, and he further testified: Q. "Do you go out on the job when the men are working at any time?" A. "Yes sir." Q. "What do you do out there " A. "I see what is going on and see if I can recommend anything, and if they need a hand on lifting something I will help them in lifting."

Section 2 of the Compensation Act defines an employer as "Any individual, partnership, association or

corporation carrying on any employment. . . .'' The Act also defines employee and the definition given is "Any person, including a minor whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but excluding one whose employment is casual and not in the course of the trade, business or profession or occupation of his employer." Paragraph (c) § 2 of the Act provides that employment means "every employment carried on in the State in which five or more employees are regularly employed in the same business or establishment . . ." with certain exceptions not applicable here.

The record shows that until within two days before appellee's injury one Tate was an employee of appellant company, and, that if he were counted, appellant had five employees when appellee was injured, excluding Brook, but the Commission did not base its holding that the Compensation Act was applicable upon the finding that appellant had five regular employees, excluding Brook, when appellee was injured, although that finding might have been made upon the authority of the case of Green v. Benedict, 102 Conn. 1, 128 Atl. 20. But it did base its award upon the finding that Brook was himself an employee, and that without him there were not five employees of appellant when appellee was injured.

The Commission's opinion recites "From the testimony in this case it is the opinion of the Commission that Mr. Brook, president of Brook's Inc., was acting in a dual relationship with the corporation, that of office of president, and that of an employee as salesman."

That Brook was acting in a dual capacity was shown by his own testimony, so that in its last analysis the question is whether an executive acting in a dual capacity may be counted as an employee in determining the jurisdiction of the Commission.

The authorities appear to be divided and we do not determine where the weight of authority lies, as we have held that one may act in a dual capacity and if with the knowledge and consent of the employer he acts in a

capacity which confers jurisdiction, he will be considered as one acting in that capacity, although he has another relationship. See Soltz Machinery & Supply Co. v. Mc-Gehee, 208 Ark. 747, 187 S. W. 2d 896, and Parker Stave Co. v. Hines, 209 Ark. 438, 190 S.W. 2d, 620. In the case last cited we quoted from the former opinion as follows:

"In the recent case of Soltz Machinery & Supply Company v. McGehee, 208 Ark. 747, 187 S.W. 2d 896, the following statement from Schneider's Workmen's Compensation Text, Vol. 4, Permanent Ed., § 1076, was cited with approval: 'While in all ordinary transactions the existence of the relation of contractor as between two given persons excludes that of principal and agent, or master and servant, there is not necessarily such a repugnance between them that they cannot exist together, and an employee may be an independent contractor as to certain work, and yet be a mere servant as to other work for the same employer. The decisions recognize that principle.'"

In Vol. 1, 2nd Ed. Schneider's Compensation Law, p. 229, it is said: "Whether officers of a corporation could be counted to make up the required five or more employees within the meaning of the act would depend on the facts of the particular case, whether they were actually regularly employed in the usual course of the business of the corporation."

If an executive officer may in certain cases be counted as an employee to determine the jurisdiction of the Commission, we think the commission was warranted in finding that Brook may be so counted in this case, as, not only a substantial, but the principal part of his duties were those ordinarily discharged by an employee not acting in an executive capacity.

In Vol. 35, No. 10, of the University of Arkansas Law School Bulletin at page 3 there appears a Review of the opinions of the Arkansas Workmen's Compensation Commission, written by a long time member of the Commission, in which it is said: "The Commission holds that the title and theory of the Compensation Act imports the idea of compensation for workmen and their dependents

and would not ordinarily be deemed to refer to executive officers receiving large salaries and engaged exclusively in designing and executing the general policies of business, but when an executive does the work of an employee or acts in a dual capacity as executive and employee and is injured while performing the duties of an employee, the injury is compensable. The test of the right to compensation is not the title of the injured employee, but the nature and the quality of the act he is performing at the time of the injury.''

Brook is not a claimant but his relationship to appellant is determinative of the Commission's jurisdiction to adjudge claims against the corporation. At page 174 of Honnold on Workmen's Compensation, it is said: ''The California Commission has held that where the corporate stock is all in the hands of the directors, two directors, father and son, as president and secretary, being authorized to exercise full control of the business, the son, on being injured while acting in the course of his employment as secretary, can recover compensation against such close corporation; also that the fact that one was general manager on a salary conclusively showed the fact of his employment, though he was also president of the corporation.''

In the case of In re Raynes, 66 Ind. App. 321, 118 N. E. 387, it was said by Div. 2 of the Appellate Court of Indiana: ''It appears to us as sound that compensation under Workmen's Compensation Acts cannot be denied one simply because he happens to be the president or other executive or managing officer of the corporation that employs him, and that fact alone is not sufficient to eliminate him from among those regarded as employees within the meaning of such acts. If the corporation is great and powerful, with extensive financial resources; if an officer is a large stockholder and his time is occupied in the discharge of the usual duties of his office and his salary is fixed because of the discharge of such duties—it would seem apparent that he could not be regarded as an employee under such an act. But in another corporation of humbler proportions such an official might serve in

a dual capacity; that is, as an officer and also as a workman. It is not unreasonable to conceive of a case where the discharge of the official duties would constitute but a small portion of the services rendered by him to the corporation. Such an officer might be hired in fact to perform manual labor in connection with other employees, and his time in the main be occupied in performing such service and regular wages paid him accordingly. Such an official in his capacity as a workman might measure up in all respects to the conception of an employee within the meaning of the act as we have hereinbefore developed it, and in such capacity we believe that he should be regarded as an employee within the meaning of Compensation Acts.''

In the case of Parker Stave Co. v. Hines, supra, it is said: ''In determining whether one is an employee or an independent contractor, the Compensation Act is to be given a liberal construction in favor of the workman, and any doubt is to be resolved in favor of his status as an employee rather than an independent contractor. Irvan v. Bounds, 205 Ark. 752, 170 S.W. 2d 674; 71 C.J., p. 449.''

The same liberal rule of construction should be applied in determining whether Brook was an employee, although he was also an executive, and when so applied we think the testimony supports the Commission's finding that Brook was an employee. We said in the case of Irvan v. Bounds, above cited, that no hard and fast rule for determining the relationship of the parties in every case of this kind can be formulated, and we are not attempting to do so, as every case must be governed by its own peculiar facts, but when the Act is liberally construed we think the Commission had jurisdiction, and as no other question is raised, the judgment is affirmed.

George Rose Smith, J., dissenting. We are so accustomed to the fiction of corporate entity that at first blush it may seem novel for any one to contend that the president of a corporation is not its employee. Of course he is an employee for many purposes, as for the rule of

respondeat superior, but I can find no case holding that the owner of a business is *ipso facto* an employee within a compensation law merely because the business is incorporated. The courts point out that the very title of a Workmen's Compensation Act indicates the intention to benefit the workman rather than the executive head of the concern. These statutes provide a small weekly income, usually limited to twenty or twenty-five dollars, for workmen to whom disability would otherwise mean a cessation of income. This consideration does not apply to the executive officers of the company, whose salaries usually continue during disability and to whom the weekly payments would be more in the nature of pocket money than of a means of subsistence during unemployment. For these reasons the cases uniformly hold that an employee's status for compensation purposes depends upon his relative position in the hierarchy of the business rather than upon the fact that the organization is incorporated. Cases very similar to this one on the facts include *Leigh Aitchison, Inc.,* v. *Industrial Commission,* 188 Wis. 218, 205 N. W. 806, 44 A. L. R. 1213, and *Donaldson* v. *Wm. H. B. Donaldson Co.,* 176 Minn. 422, 223 N. W. 772, both denying compensation to the president of a corporation.

I agree that in some cases the president might also be an employee, but here the undisputed facts do not establish such a case. The true test of the employer-employee relationship is that of supervision and control. An employee must be employed *by* some one. Brook was in effect the owner of this business. The other stockholders were his sister and brother-in-law, who lived in Blytheville and never took the slightest interest in the company. No dividends had ever been paid. All the profits were taken by Brook himself, without accountability to any one. In the store itself Brook was in absolute control. The other workers were all under his supervision, but he took orders from no one. The business was in fact an individual proprietorship, though conducted as a corporation.

The Commission rested its decision solely on Brook's testimony that at times he went behind the counter and

sold goods to the public. It was said that in so doing Brook was acting as an employee and not as the president of the corporation. But the fallacy in this statement is that an employee's status is not to be determined by the nature of his activities while at work; the test is whether those activities are subject to some one else's supervision and control. As I cannot find a syllable in this record to indicate that any one else had the power to direct Brook's activities, I think we must say as a matter of law that he was not an employee. No issue of fact is involved.

The policy favoring a liberal construction of the Act is not applicable here. So far as I can find, this is the only reported case in which it has been necessary to count an executive officer as an employee in order to provide compensation for a true employee. In all the other cases it has been the president or other officer who was injured and applied for compensation. We may assume that our cases in the future will be of that nature. Thus the practical effect of this decision will be to provide compensation for executive officers rather than for the workmen contemplated by the Act.