WALLACE *v.* WELLS.

4-9990                                                    255 S. W. 2d 970

Opinion delivered March 16, 1953.

Surrey E. Gilliam and Melvin E. Mayfield, for appellant.

Phillip Carroll, James B. Gannaway and Malcolm W. Gannaway, for appellee.

ED. F. McFADDIN, Justice. The question now presented is whether the Circuit Court was correct in holding that the appellant's remedy was a claim under the Workmen's Compensation Law, rather than an action at law for damages.

Appellant, Bobby Lynn Wallace, was employed by appellee Wells at the latter's service station in El Dorado; and in the course of such employment, Wallace received serious and painful burns on August 25, 1948. Wells carried Workmen's Compensation Insurance, and had Wallace hospitalized and treated for many months, and voluntarily[1] paid him the amounts prescribed under the Workmen's Compensation Law. During all of such time, Wallace was a minor; but as soon as he had his disabilities removed, he brought this action at law for damages. Wells filed a motion to dismiss the complaint, alleging that the Wallace-Wells relationship had all the time been governed by the Workmen's Compensation Law; that Wells carried Workmen's Compensation insurance; and that Wallace had received compensation in the sum of $1,817.40.

Wallace resisted the motion to dismiss, and the Circuit Court heard the evidence offered by the parties on the motion. After hearing all such evidence, the Court

---

[1] There was no claim filed by or for Wallace with the Workmen's Compensation Commission.

held that Wallace's remedy was a claim under the Workmen's Compensation Law, and not an action at law for damages, as was attempted. Accordingly, the Court entered judgment dismissing Wallace's action, and this appeal challenges the correctness of such ruling.

Although many other questions are argued in the briefs, we conclude that the determinative question is whether Wells was an employer legally covered by the Workmen's Compensation Law. If he was, then Wallace's remedy is under that law, because it provides:

"The rights and remedies herein granted to an employee subject to the provisions of this Act . . . shall be exclusive of all other rights and remedies . . ."[2]

Wallace claimed that Wells was not legally covered by the Workmen's Compensation Law because—as Wallace claimed—Wells did not have five or more employees, as required by § 81-1302, Ark. Stats.; nor had Wells complied with the notice provision for employers of less than five men under § 81-1308, Ark. Stats.

On the issue of the number of persons that Wells employed at his filling station, a considerable amount of evidence was offered by both sides. Wells testified: that he operated a service station in El Dorado; that during the week days he had three or four employees at the station; that on all week ends—i. e., Saturdays and Sundays—he had five employees at the service station; and that five employees were regularly employed for Saturdays and Sundays. Here is his testimony:

"Q. Now, Mr. Wells, in August 1948 how many regular employees did you have working at your station?

"A. Over the week ends, over Saturdays and Sundays, I had five (5); and during the week it would vary from three (3) to four (4).

"Q. But you did have five (5) on Saturdays and Sundays?

2 This is from § 81-1304 Ark. Stats.

"A.  On Saturdays and Sundays I had five (5) men, excluding myself.

"Q.  That were regularly employed?

"A.  Yes, sir.

"Q.  And those men that came on Saturdays and Sundays came every Saturday—

"A.  Every Saturday and Sunday.

"Q.  Did they work on other days through the week, at irregular times?

"A.  At irregular times, when we needed them."

Wells named the five employees as Roy Nichols, Otis Turner, James Nichols, Occie Roberson and Bobby Lynn Wallace, the appellant.  It was testified that an additional employee, named Peyton Kemp, worked for a short time.  Thus the effect of Wells' testimony is that he had five persons regularly employed at his filling station, although all of them did not work every day of the week.

To overcome the testimony of Wells as to the number of employees, Wallace took several courses.  He contended: (a) that five persons were employed only on Saturdays and Sundays, and that he was injured on a Wednesday when there were only three employees on duty; (b) that at the time of Wallace's injury, one of the five employees, James Nichols, was actually on duty with the National Guard for 15 days summer training; (c) that even though James Nichols received his pay from Wells during the period of such absence, nevertheless, James Nichols was not actually working on August 25th; and (d) that Wells' tax returns to the Employment Security Division of Arkansas for the quarter of July, August, and September, 1948, showed that for the entire quarter, Wells paid each of the five employees total wages, as follows:

"James DeWitt Nichols.............$480.00
Charles Otis Turner......................180.00
Occie B. Roberson............................240.00
Te Roy Nichols..................................120.00
Bobby Lynn Wallace.....................135.00"

From all of the foregoing, Wallace argued, and urges here, that some of the employees were not working all of the time and, therefore, Wells did not have five employees when Wallace was injured.

We have detailed enough of the facts and contentions to demonstrate that there was a sharply disputed question of fact as to whether Wells had five employees regularly employed in the course of business so as to be legally covered by the Workmen's Compensation Law. The Circuit Court's judgment necessarily was based on a fact finding that Wells actually had five employees; and such fact finding is as binding on appeal as is a fact finding by a jury. It has long been the rule that when the trial judge decides a fact question, either interlocutory or preliminary to the trial, such decision will be sustained on appeal if there is any substantial evidence to support it. *Blass* v. *Lee,* 55 Ark. 329, 18 S. W. 186; *Metcalf* v. *Jelks,* 177 Ark. 1023, 8 S. W. 2d 462; *Mosley* v. *Mohawk Lbr. Co.,* 122 Ark. 227, 183 S. W. 187; *Shephard* v. *Hopson,* 191 Ark. 284, 86 S. W. 2d 30; *Halliday* v. *Fenton,* 164 Ark. 11, 260 S. W. 961; *Scroggin & Co.* v. *Merrick,* 176 Ark. 1205, 5 S. W. 2d 344; *McElroy* v. *Underwood,* 170 Ark. 794, 281 S. W. 368.

But appellant says that there is no evidence to support the fact finding, since the evidence discloses that appellant was injured on a Wednesday, and Wells does not claim to have had as many as five employees except on Saturdays and Sundays. This brings us to a determination of the question, whether in order to be legally covered by the Workmen's Compensation Law, it is necessary that the employer have five employees on duty at all times.

Our 1939 Workmen's Compensation Law, as now found in § 81-1302 Ark. Stats. (and the Act in effect when Wallace was injured), reads:

"(c) 'Employment' means every employment carried on in the State in which five (5) or more employees are regularly employed in the same business. . . ."

Professor Larson, in his two-volume commentary [3] on the Workmen's Compensation Law, commenting on regular employment of a minimum number of employees, states the holding:

"The commonest problem under the usual wording of statutes conferring this type of exemption is the question whether the employer 'regularly' employs more than the minimum number. Since the practical effect of the numerical boundary is normally to determine whether compensation insurance is compulsory, an employer cannot be allowed to oscillate between coverage and exemption as his labor force exceeds or falls below the minimum from day to day. Therefore, if an employer has once regularly employed enough men to come under the act, he remains there even when the number employed temporarily falls below the minimum. In such a case, the fact that the number working at the exact time of injury was below the minimum is of course immaterial."

One of the leading cases on the regularity of employment required to bring the employer under the Workmen's Compensation Law is *Mobile Liners* v. *McConnell,* 220 Ala. 562, 126 So. 626. In that case, several men were employed as "checkers," not every day, but only on days when a vessel was in port, and that was from two to five days a week. The Alabama Court held that these "checkers" could be counted in determining the number of employees under the Workmen's Compensation Law. The Court said:

"The word 'regularly' is not synonymous with 'constancy.' There are businesses of importance which employ numbers of men *regularly,* who employ none of them *continuously.* And a number of businesses, as this, will require a large number of employees, nearly all or a large number of whom are employed only *periodically,* for the reason that the needs of the business require their services only at intervals or periods, whenever the business is in active operation."

---

[3] This is "The Law of Workmen's Compensation", by Arthur Larson, professor of Law, Cornell Law School. The volumes were published by Matthew Bender & Co., in 1952.

In 81 A. L. R. 1232 there is an Annotation entitled:

"Workmen's compensation: continuity and duration of employment required by provision of act making its applicability depend on number of persons employed."

The subject is also discussed in 58 Am. Jur. 639 and in Schneider's Workmen's Compensation Text, Permanent Edition, Vol. 2, § 592. Our own cases of *Brooks* v. *Claywell*, 215 Ark. 913, 224 S. W. 2d 37, and *Feazell* v. *Summer*, 218 Ark. 136, 234 S. W. 2d 765, while not directly in point, nevertheless clearly indicate the trend of decisions regarding the number of employees and regularity of employment. We hold that Wells had five men regularly employed, although some of them worked only two days a week. The fact that five men were "regularly employed in the same business"[4] is the determinative factor.

We therefore conclude that there was substantial evidence to sustain the Trial Court in the judgment that appellee regularly employed more than five men, and that appellant's remedy is a claim under the Workmen's Compensation Law and not an action at law for damages.

Affirmed.

GEORGE ROSE SMITH, J., not participating.

---

[4] These words are from our Statute previously quoted, Sec. 81-1302.