WEST *v.* SMITH.

5-633                                                    282 S. W. 2d 597

Opinion delivered October 10, 1955.

*Melvin E. Mayfield, Wayne Jewell* and *Surrey E. Gilliam,* for appellant.

*Claude E. Love* and *Spencer & Spencer,* for appellee.

MINOR W. MILLWEE, Justice.  Appellee, Charles Smith, was injured while working as a carpenter in the construction of two houses on a 70-acre subdivision owned and being developed by appellant, J. A. West, just

outside the city of El Dorado, Arkansas. Smith filed a claim for compensation before the Workmen's Compensation Commission against the appellant and appellee, W. M. Holder. It was Smith's contention that Holder was either a foreman-employee on a construction job carried on by appellant, J. A. West, and therefore he (Smith) was an employee of West, or that Holder was an independent contractor, in which event Smith was the employee of Holder. Both West and Holder contended that Smith was the employee of the other.

Hearings before a single commissioner and the full Commission resulted in an award of compensation in favor of Smith against appellant based on a finding as follows: "It is clear from the evidence, and there appears to be no dispute, that J. A. West was engaged in the business of building houses for sale. The Commission is of the opinion that the status of W. M. Holder in building the houses for J. A. West was that of a foreman for West who retained and exercised the right of control and supervision over the work and the men doing it; that the exercise of this right of control was such as to create the relationship of master and servant between J. A. West and claimant, thus making claimant an employee of J. A. West on this particular construction job." On appeal to Circuit Court, the Commission's award was affirmed.

The only issue before this court is the sufficiency of the evidence to support the Commission's finding that Holder was the foreman-employee of appellant and not an independent contractor. In determining this issue, we view the evidence in its strongest light in favor of the finding of the Commission. *Hughes* v. *Tapley, Administratrix*, 206 Ark. 739, 177 S. W. 2d 429. While the question of the sufficiency of the evidence to support the findings of fact made by the Commission is one of law, such findings will not be disturbed on appeal if supported by any substantial evidence. See *Parker Stave Company* v. *Hines*, 209 Ark. 438, 190 S. W. 2d 620, where we said: "In determining whether one is an employee or an inde-

pendent contractor, the Compensation Act is to be given a liberal construction in favor of the workman, and any doubt is to be resolved in favor of his status as an employee rather than an independent contractor. *Irvan* v. *Bounds,* 205 Ark. 752, 170 S. W. 2d 674; 71 C. J., p. 449.

"No hard and fast rule can be formulated to determine whether a workman is an employee or an independent contractor, and each case must be determined upon its own peculiar facts. In the case of *Irvan* v. *Bounds, supra,* the decisions from other jurisdictions on this question are reviewed, and the various rules employed by other courts in determining the relationship are discussed. There are many well-recognized indicia of the status of the relationship, but the presence of one or more of them in a case is not necessarily conclusive of this status. In 27 Am. Jur. 486, it is said: 'The most important test in determining whether a person employed to do certain work is an independent contractor or a mere servant is the control over the work which is reserved by the employer. Whether one is an independent contractor depends upon the extent to which he is, in fact, independent in performing the work. Broadly stated, if the contractor is under the control of the employer, he is a servant; if not under such control, he is an independent contractor.' " See also, *Brooks, Inc.,* v. *Claywell,* 215 Ark. 913, 224 S. W. 2d 37.

According to the evidence presented by appellees, the appellant is a partner in the ownership and operation of several department stores in El Dorado and other Arkansas cities. He was also engaged in the development of the residential subdivision in question and had built several houses for sale therein prior to construction of the two houses on which Holder and Smith worked. The construction of these two houses was begun under an oral agreement between appellant and Holder whereby the latter and other carpenters employed by him were to do all the carpenter work. Under the agreement, Holder was to be paid $10.00 per day, or $50.00 per 5-day week, while the work was in progress and upon comple-

tion of the job was also to draw the difference between the total cost of all carpenter work and the sum of $4,300, if any. Thus, if Holder was able to keep the total cost of all carpenter labor under $4,300, he was to receive such differential as additional compensation for his own work. Holder had no money and appellant was to furnish all materials and advance all moneys necessary to pay all carpenter labor each week upon weekly reports by Holder as "foreman," setting out the number of hours and the hourly wage paid each carpenter on the job.

Appellee Smith was employed as one of the carpenters on the job and had worked about a week when he was injured. A few days prior to the injury, appellant came out to the job and directed Smith to get another man from Holder and dig some percolation test holes over the entire subdivision. After the two men had been engaged in this work for a short time, appellant telephoned Holder and told him to call the two men back and put them back to work on the houses and this was done.

Neither appellant nor Holder carried workmen's compensation insurance at the time of the injury, but, shortly thereafter appellant directed Holder to take out such insurance and furnished him the cash with which to do so. Subsequent to the injury, appellant also instructed Holder to withhold and pay social security and withholding taxes on the wages paid Smith. Smith and the other carpenters under Holder's supervision were paid by funds advanced by West to Holder each week. At times these payments were made in one of the West Brothers department stores in El Dorado.

Shortly after Smith's injury, Holder left to take a more lucrative job in Ohio. By agreement with appellant, Holder's son, Grover, took his father's place as foreman of the construction job. Two days later, appellant gave Grover Holder the money to pay off the other carpenters and instructed him to discharge them, and this was done. Thereafter, Grover Holder did some carpenter work for which he was paid $10.00 per day as previously, but neither of the houses had been completed

at the time of the final hearing before the Commission. After Holder returned from Ohio, appellant requested that he sign a back-dated written contract, but Holder declined to do so. Holder did not have a contractor's license at the time of the oral agreement and injury. He had previously done construction work for appellant under written contracts and at a time when he had such a license.

In our opinion, the foregoing evidence was substantial and sufficient to sustain the Commission's finding that the relationship of employer and employee existed between appellant and Smith at the time of his injury. While certain phases of the oral agreement tend to show that Holder was an independent contractor, the fact that appellant actually exercised some control over Smith in the doing of the work, together with the further fact that appellant could and did discharge the workmen employed by Holder, without liability, indicate the relationship of employer and employee. Other indicia of such relationship are the apparent financial irresponsibility of Holder and the furnishing of all materials and moneys with which to pay wages of all the workmen by appellant. See Annotations, 75 A. L. R. 725, 20 A. L. R. 751. These facts are sufficient to sustain the conclusion that appellant reserved a degree of control over the work of Holder incompatible with that usually enjoyed by an independent contractor and consistent with the relationship of employer and employee. The judgment of the Circuit Court is accordingly affirmed.