**CURRAN DEVELOPMENT COMPANY, Inc., and David H. Curran, Plaintiffs,**

v.

**SECURITY INSURANCE COMPANY, Defendant.**

**Civ. A. No. 847.**

United States District Court
W. D. Arkansas,
Hot Springs Division.
June 1, 1961.

728

Wootton, Land & Matthews, Hot Springs, Ark., for plaintiffs.

Mehaffy, Smith & Williams, Little Rock, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

Defendant's motion for summary judgment is before the court for consideration. The action was filed March 27, 1961. On April 17, 1961, an order was entered extending until May 18, 1961, the time for defendant to answer or otherwise plead. On May 18, 1961, defendant filed its motion for summary judgment, attaching thereto a copy of the insurance policy which forms the basis of this lawsuit. Briefs have been received from the parties in support of their respective contentions, and the motion is now ready for determination.

The plaintiff, Curran Development Company, Inc., is a corporation organized under the laws of the State of Arkansas for the purpose of constructing residential properties, and Arthur L. Curran, Armeta Curran, Margie L. Curran and David H. Curran constitute all the stockholders of the corporation. David H. Curran is a director, the treasurer and the general manager of the company. The following facts are not in dispute.

Francis E. (Sam) Hall was an employee of the plaintiff corporation, and while engaged in his employment he met death on July 8, 1959. On November 3, 1960, his Administratrix filed suit in the Circuit Court of Garland County against David H. Curran, seeking damages in the total sum of $284,787.50, and alleged that David H. Curran was guilty of negligence which was a proximate cause of the death of Sam Hall.

The insurance policy in question was issued by the defendant company, and in it the defendant agreed, among other things, to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards as defined in the policy. The above provision for bodily injury liability is referred to in the policy as Coverage A. It is further provided in the policy that with respect to the insurance afforded by it for bodily injury liability and for property damage liability, the company will "defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient."

The term "insured" is defined in Section III of the policy as:

"With respect to the insurance under coverages A, B, and D the unqualified word 'Insured' includes the named Insured and also includes any executive officer, director or stockholder thereof while acting within the scope of his duties as such, and any organization or proprietor with respect to real estate management for the named Insured. If the named Insured is a partnership, the unqualified word 'Insured' also includes any partner therein but only with respect to his liability as such."

According to copies of the letters between counsel, which were attached to the complaint in the instant action, the defense of the action against David H. Curran in the Garland County Circuit

Court has been tendered to the defendant company, and the company has refused to defend the action.

In the instant action the plaintiffs seek a declaratory judgment, declaring the obligation of the defendant insurance company to assume the defense of the action filed by Selma Oliver Hall, Administratrix of the Estate of Francis E. (Sam) Hall, deceased, and likewise declaring the obligation of the defendant to pay any judgment that may be rendered against David H. Curran to the extent of the policy limits, plus costs and attorneys' fees.

In the defendant's motion for summary judgment it is contended as to the plaintiff, Curran Development Co., Inc., that no controversy exists or will exist between the plaintiff corporation and the defendant insurance company. As to the individual plaintiff, David H. Curran, defendant contends that:

(1) The acts David H. Curran was performing, which are the basis of the action by Hall's Administratrix, were not those "of an executive officer, director or stockholder," but rather he was acting merely as an electrician;

(2) That the plaintiff, David H. Curran, is excluded from coverage by reason of exclusion (j) of the policy, which reads:

"This policy does not apply: * *

"(j) under coverages A and D, to any obligation for which the Insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;"

(3) That David H. Curran is excluded from coverage by reason of exclusion (k) of the policy, which reads:

"(k) under coverage A, to bodily injury to or sickness, disease or death of any employee of the Insured arising out of and in the course of his employment by the Insured;"

A careful reading of the complaint fails to show that the plaintiff, Curran Development Company, Inc., seeks any declaratory relief against the defendant, or has any controversy with the defendant. The corporation is not a party defendant in the personal injury suit pending in the Garland Circuit Court. Apparently the defendant insurance company had issued a separate workmen's compensation policy to the defendant corporation and has made payments under it to the family of Francis E. (Sam) Hall. Therefore, since there is no controversy between the plaintiff corporation and the defendant, defendant's motion for summary judgment should be granted as to the Curran Development Company, Inc.

The three bases for defendant's motion for summary judgment against David H. Curran will be discussed separately for the sake of clarity.

I. At the time of the death of Francis E. (Sam) Hall, David H. Curran was not acting within the scope of his duties as an executive officer, director or stockholder of the corporation.

In this connection it should be noted that paragraph 12 of plaintiffs' complaint states:

"Plaintiff David H. Curran states that he is the only executive officer of Curran Development Company, Inc.; that he has charge of and actively participated in the construction of residences on property owned by the corporation and is the sole executive officer entrusted with its management and was acting within the scope of his duties as such at the time of the death of Francis E. Hall."

The defendant has not filed any formal affidavits controverting the above allegation. Defendant does, however, quote paragraph 5 of the complaint filed by the Administratrix of the Estate of the deceased, Francis E. (Sam) Hall, against David H. Curran in the Garland Circuit Court suit, in which Mrs. Hall alleges:

"5. Defendant, (Colonel) David H. Curran, participated in the per-

formance of the electrical work on the job site where the decedent was electrocuted. Among other activities, Defendant Curran participated in the installation of a switch board on a tree near the house under construction, and participated in the connection of the electrical power lines from an Arkansas Power and Light Company meter installation, located on another tree, to two 120 Volt Female Plug receptacles. Defendant Curran also participated in the wiring of the top Female Plug receptacle for 240 volts and the bottom Female Plug for 120 volts. In neither instance, at construction nor at any time prior to or about 2:20 P.M., July 8, 1959, were either of the receptacles grounded."

 The court recognizes that, although a person may be the sole owner of a corporation, he may occupy a dual capacity as an executive officer and an employee of the company. See Brooks v. Claywell, 1949, 215 Ark. 913, 224 S.W.2d 37. However, the question of whether an executive officer of a corporation is performing duties as such or as an employee of the corporation is primarily one of fact, and will depend to a great extent on the makeup of the corporation, the duties assigned to the individual officer, and naturally the functions actually being performed by him with the consent of the corporation. Therefore, since the status of David H. Curran is a disputed question of fact, the court cannot enter a summary judgment on this basis.

II. Exclusions under sections (j) and (k) of the insurance policy.

 The above exclusions have heretofore been quoted. Suffice it to say, under exclusion (j) there is no coverage under the bodily injury provision of the policy for any obligation which the insured or any carrier as his insurer may be held liable under any workmen's compensation laws. Under the terms of exclusion (k), the defendant insurance company excludes liability for bodily injury, sickness, disease, or death of any employee of the insured arising out of and in the course of his employment by the insured.

There is no dispute but that the deceased, Francis E. (Sam) Hall, was an employee of the Curran Development Company, Inc., and was acting within the scope of his employment at the time of his death. Therefore, the applicability of exclusions (j) and (k) must depend on whether the various insureds within the definition in the policy are considered as a unit or several. In other words, does the exclusion as to actions by employees of the insured corporation, or their personal representatives, extend to an employee of the corporation when suing an officer and director of the corporation individually? No Arkansas cases have been cited by counsel, and none have been discovered by the court directly in point on this issue. This entire problem was thoroughly discussed by Judge Weber in General Aviation Supply Co. v. Insurance Co. of North America, D.C.E.D.Mo. 1960, 181 F.Supp. 380. In discussing this question at page 383, Judge Weber noted:

"The authorities are divided. See the discussion and citation at 50 A.L.R.2d 78, loc.cit. 97, Sec. 6. One group holds that an employee of an insured, other than the insured seeking protection, is not within the language of the exclusion. The other group holds that if the injured party is an employee of any person who is insured under the policy, the exclusion is applicable, although he may not have been an employee of the person committing the tort."

In the General Aviation Supply Co. case, supra, Judge Weber places great weight on whether the policy contains a severability clause. At page 384 of 181 F.Supp., he states:

"It is this Court's conclusion that where a policy of insurance contains a 'severability of interest clause', such as found here, the exclusion within the policy as to employees of the insured should be limited and

confined to the employees of the employer who commits the tort or seeks protection. Therefore, the fact that Babis was an employee of Cincinnati Aircraft, and as such Cincinnati Aircraft would not be covered in a suit by Babis against it, nevertheless, General Aviation, the omnibus insured, should be protected by the policy.

"The reason this Court reaches that conclusion is that we are considering an 'Exclusion' provided by the insurer as to its liability. In setting forth exclusions there is no apparent reason why the insurer cannot be specific and clear in its designations. See Kaifer v. Georgia Casualty Co. [9 Cir., 67 F.2d 309].

"The logical theory for the employee exclusion is to prevent employees of the tort feasor from suing his employer for injuries received thru his employer's negligence. A reason for this is that employees are usually covered by workmen's compensation and can recover from the employer, with or without negligence. When negligence is committed by other than his employer, the logic for the exclusion disappears. If the insurer wishes to further exclude its liability, it could clearly so state in its contract and its failure to do so should be strictly construed. Especially is this true when the policy contains a severability clause, for there it can be implied that the insurer is actually recognizing a separate obligation to others, distinct and apart from the obligation it owes to the named insured. For a similar view and discussion see Vol. 24, University of Kansas City Law Review, 'Who is "The Insured"', pp. 65, 66, 72, 1956."

Judge Weber's decision in the above quoted case was affirmed by the Court of Appeals for this Circuit, 1960, at 283 F. 2d 590, but the issue above referred to was not discussed in the Court of Appeals' decision.

An examination of the policy in the instant case reflects that it, like the one in the General Aviation Supply Company case, supra, also has a severability of interest clause. The severability clause in the instant policy is, in fact, identical with that in the General Aviation Supply Company case, and is found as condition 8 to the policy. It reads as follows:

"The term 'the Insured' is used severally and not collectively, but the inclusion herein of more than one Insured shall not operate to increase the limits of the Company's liability."

In New v. General Casualty Co. of America, D.C.M.D.Tenn.1955, 133 F. Supp. 955, a policy of insurance was issued to Fowler, and contained a clause defining the insured as the named insured and anyone using the automobile with his consent, but excluding from coverage injuries to employees of the insured. One Patterson was driving the automobile with Fowler's permission and was involved in a collision with New. New obtained a judgment against Fowler by reason of the negligence of Patterson while on Fowler's business. New was an employee of Patterson but was not an employee of Fowler. In its conclusions of law the court stated at pages 958–959 of 133 F.Supp.:

"6. The law of the State of Tennessee is that both a named insured and an additional insured are entitled to protection against liability and the insurer has obligated itself absolutely and unconditionally to pay judgments against either. Associated Indemnity Corp. of San Francisco v. McAlexander, 168 Tenn. 424, 79 S.W.2d 556.

\* \* \* \* \* \*

"10. The Court concludes that the policy involved here is subject to different interpretations when applied to the situation where there is more than one person included within the meaning of the term 'insured.' This being the case, the Court must adopt an interpretation which will

grant protection under the policy against the claim of the injured party.

"11. The Court further concludes that it was not intended by the contracting parties that the omnibus clause could be used to decrease the insurance protection afforded the named insured by the policy. The omnibus clause, or definition of insured, merely causes the insurance to cover persons other than the named insured. This clause creates liability insurance in favor of another and places no limitation on the protection purchased by the named insured.

"12. The named insured in this policy has purchased and is entitled to protection against the claims of all persons with whom he has no employment relationship and who is to him a member of the public.

"13. The exclusion clause uses the term 'employee of the insured' rather than 'any insured' or 'all insureds' which means that it is directed to the situation of some particular insured. The term could apply to 'the insured named in the policy', 'the person qualifying as an additional insured' or 'the insured calling for protection.' When more than one person is included within the singular term, 'the insured', an ambiguity results. In this case, the plaintiff was not the employee of the insured (John Wallace Fowler) to the same extent that he was the employee of the insured (Conway Patterson). The plaintiff is also not the employee of the insured calling for protection, since John Wallace Fowler is entitled to call for protection. The Court is bound by Tennessee law to adopt any possible interpretation which will afford protection to the insured and, therefore, must conclude that the plaintiff injured party is not the employee of the insured within the meaning of the exclusion and that the exclusion does not apply in this case.

"14. In the determination of the obligation of an insurer to protect the named insured against the claims of any injured party, it is not necessary to consider the definition of insured by which protection is extended to other persons, and, for this purpose, the named insured is the only person considered in determining the applicability of the exclusion clause. Since the named insured was not the employer of the injured party, the exclusion does not apply to defendant's obligation to protect the named insured."

As hereinbefore mentioned, the Arkansas Supreme Court has not passed upon the issues raised in this case as to the applicability of exclusions (j) and (k) in a fact situation such as is presented here. It is the definite policy of Arkansas, however, that insurance contracts shall be interpreted as affording protection to the assured and all doubts as to any contract of insurance will be resolved in favor of the assured. Morrison-Knudsen Co. v. Phoenix Ins. Co., 8 Cir., 1949, 172 F.2d 124; St. Paul Fire & Marine Ins. Co. v. Kell, Ark.1959, 328 S.W.2d 510; Phoenix Assur. Co. v. Loetscher, 1949, 215 Ark. 23, 219 S.W. 2d 629.

Therefore, the court is of the opinion, when this question is presented to the Arkansas Supreme Court, it will adopt the view expressed in General Aviation Supply Co. v. Insurance Company of North America, supra, and will conclude that where a policy of insurance contains a severability of interest clause, the inclusion within the policy as to employees of the insured should be limited and confined to the employees of the employer who commits the tort or seeks protection.

Therefore an order is being entered today sustaining defendant's motion for summary judgment as to the Curran Development Company, Inc., but overruling defendant's motion for summary judgment as to David H. Curran.