Aerial Crop Care, Inc. *v.* Landry.

5-2759                                                       360 S. W. 2d 185

Opinion delivered September 24, 1962.

*Cecil C. Matthews,* for appellant.

*Wm. M. Moorhead* and *Riddick Riffel,* for appellee.

PAUL WARD, Associate Justice. We are asked on this appeal to determine who is (or may be) an employee under the provisions of Ark. Stats. § 81-1302 which is a section of the Workmen's Compensation Law. Subsection (c) (1) of the above section, in effect, places under the terms of the law every employer who has five or more employees regularly employed. We are also asked to determine the meaning of the words "regularly employed".

The employer in this instance is a corporation owned and controlled by three people: Crandall Hagan, the President; Ernest Boone, the Vice-president; and George Tiefenback, the Secretary-Treasurer. The corporation, under the name of Aerial Crop Care, Inc., has been engaged for several years in agricultural flying in fertilizing and dusting crops. All three of the incorporators are active pilots and all are paid equally except that each may receive additional remuneration depending on the number of flights made. The Corporation (appellant) did not have workmen's compensation insurance, believing, perhaps, it did not have five regular employees.

In the early part of November 1958 the corporation, having at that time only two other employees who did

manual labor, began the construction of a hangar near Stuttgart. On or about November 20, 1958, the corporation hired appellee, Jack J. Landry, to assist the other laborers in the construction work. While in the course of his employment appellee was injured. Appellee filed a claim for compensation under the Workmen's Compensation Act. The claim was allowed by the Referee, the full Commission, and the Circuit Court.

Appellant prosecutes this appeal contending, first, that the Commission had no jurisdiction because (a) Appellant did not have five or more employees and (b) Appellee was not "regularly employed". It was also contended by appellant that there is no substantial evidence to support the findings of the Commission.

*One.* (a) *Were the Officers of Appellant Employees?* It is conceded that appellant did not have five employees at the time of the injury unless, as held by the Commission and the trial court, the three incorporators are considered to be employees. Said Section 81-1302, for the purpose of this opinion, defines an "employee" as any person in the service of an employer under any contract of hire, expressed or implied. This Court, in the case of *Brooks* v. *Claywell,* 215 Ark. 913, 224 S. W. 2d 37, held that an officer of a corporation was, under the facts of that case, an employee under the provisions of the Workmen's Compensation Law. This case, on this point, has not been overruled, and we do not see fit to overrule it at this time, although appellant vigorously urges us to do so. In so doing appellant relies on the reasoning in the dissenting opinion in the *Brooks* case and also says that decision has been greatly undermined by the decision in the case of *Brinkley Heavy Hauling Co.* v. *Youngman,* 223 Ark. 74, 264 S. W. 2d 409. We do not agree with appellant as to the effect of this decision. There, this Court held that Youngman could not be considered as an employee of the Brinkley Heavy Hauling Company which was a *partnership* of which Youngman was the only active, working member. The essence of the reason for this opinion appears to be that a person could not be an employee of himself because he would have control over

himself. Speaking of this, the Court said: "In this situation his status was the antithesis of that of an employee, as far as Brinkley [the partnership] is concerned." The decision did not hold that a partner could not under any circumstances be an employee of a partnership of which he was a member. It may be noted that there was a vigorous dissent by three judges pointing out that Youngman should be considered an employee. It may also be noted that the judge who wrote the dissent in the *Brooks* case also wrote the majority opinion in the *Brinkley* case, and that in both instances great stress was laid on the matter of control over the employee. In the *Brinkley* case we said: ". . . we have repeatedly emphasized the matter of control as the most vital factor in the determination of the employer-employee relationship". It is readily apparent that a corporation (being a separate legal entity) could more logically control the activities of one of its officers than a partnership, which is not a separate legal entity, could control one of its members.

The only remaining question to be considered in this connection is whether each of the three officers actually performed work for the corporation in this case. The Commission found that they did, and in our opinion the record supports such a finding. It reveals that each of them flew a plane which happens to be the principal work of the corporation. It is significant also that each officer's pay depended to some extent on the amount of flying done. It further appears that the officers took an active part in the construction of the hangar.

(b) It is argued by appellant that "Claimant was a *casual* employee not engaged in the regular business of Respondent". We see no merit in this argument in view of the facts in this case. Not only had claimant worked for appellant previously helping load seed or fertilizer in season, but it is undisputed that, at the time of his injury, he was helping erect the hangar which was to be used in the corporation's regular business. Although claimant had been working on this particular job for only about five days when injured, we find (as did the Commission) nothing in the record to show claimant was

hired on a temporary basis. This Court, in the case of *Wallace* v. *Wells,* 221 Ark. 750, 255 S. W. 2d 970, construed the meaning of the words "regularly employed" as used in § 81-1302 (c) (1), quoting, with approval, the following:

"The word 'regularly' is not synonymous with 'constancy'. There are businesses of importance which employ numbers of men *regularly,* who employ none of them *continuously.* And a number of businesses, as this, will require a large number of employees, nearly all or a large number of whom are employed only *periodically,* for the reason that the needs of the business require their services only at intervals or periods, whenever the business is in active operation."

In that same case we approved this statement: " '. . . an employer cannot be allowed to oscillate between coverage and exemption as his labor force exceeds or falls below the minimum from day to day.' " This Court likewise in the case of *Buxton* v. *Dean,* 218 Ark. 645, 238 S. W. 2d 487, considered the meaning of the word "casual" as used in § 81-1302 (b), stating: " It is noted that before an employment is excepted from the operation of the act, it must be *both casual and not in the usual course of the employer's trade or business."* (Emphasis added).

In our opinion the record fully justified the Commission in finding Claimant was "regularly employed" and was not a "casual" employee.

*Two.* Considering what we have heretofore said it would serve no useful purpose to discuss at length appellant's final contention that there was no sufficient competent evidence to support the Commission's findings. We have said it so often that it is unnecessary to cite decisions to establish the fact that the findings of the Commission have the same force and effect as the findings of a jury, and that substantial evidence is sufficient to support the findings in either case. The judgment of the trial court is therefore affirmed.

Affirmed.