RAYMOND DONALDSON *v.* MILTON SOCIA

5-6229                                               492 S.W. 2d 253

Opinion delivered April 2, 1973

*John F. Gibson Jr.,* for appellant.

*Paul K. Roberts,* for appellee.

LYLE BROWN, Justice. This is an appeal from an award by the workmen's compensation commission for tempo-

rary total disability. The referee, the full commission, and the circuit court allowed the claim. The appellant contends, first, that he does not come under the compensation law in that he does not have five employees, and second, that appellee's injury did not arise out of and in the course of his employment.

Appellant was in the business of buying and selling livestock in large quantities. In the course of that business livestock trucking was engaged in between Louisiana, Arkansas, Mississippi, and Texas. Appellee operated for appellant a semi-truck with a double-deck trailer, hauling hogs and cows to and from the points mentioned. Appellee drove the truck in April, May and June 1970. Sometime in June, appellee became ill. His symptoms included undulating fever, headaches, a swimming sensation in the head, overall weakness, and sweating. He was hospitalized and his condition was diagnosed as brucellosis suis, a type of brucellosis carried only by hogs.

Appellant contends that he did not have five or more employees regularly working in his business. Our Ark. Stat. Ann. § 81-1302 (b) (Repl. 1960) provides that an employee is "any person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but excluding one whose employment is casual and not in the course of the trade, business, profession or occupation of his employer". Then, Sec. (c) (1) "Employment" means: "Every employment carried on in the State in which five or more employees are regularly employed by the same employer in the course of business", excepting certain situations not here applicable. It is appellant's position that the recited provisions exempt him from workmen's compensation because, when his casual employees are eliminated he does not have five persons employed in the course of his business of buying and selling livestock.

Audrey Withers is circuit clerk of Drew County. She also keeps the books for appellant. She does part of the work at home, part at her office, and part at appellant's office. She reported that in June 1970 the quarterly report

to the Internal Revenue Service listed ten employees. The status of those employees, according to her testimony, is as follows:

Johnny Donaldson is appellant's son and works in a managerial capacity in the business;

Usa Bosley is appellant's housemaid;

Mike Wilf was an employee on the appellant's stockyard;

Floyd Donaldson was a truck driver;

The appellee Socia was carried as a regular truck driver;

Audrey Withers is part time bookkeeper;

Wilber Gene Haden is a young man who lived with appellant and wife and did chores around the house;

Williard Maines worked three weeks and walked off;

S. T. Hammot worked part of one week in June; and Billy Hayden was a laborer.

There was substantial evidence to support the commission's finding that there were five employees, even after eliminating the casual employees who do not work in the course of the business. Under the liberal interpretation which we have given to the recited provisions of Sec. 81-1302, it is not at all difficult to name a minimum of five employees who qualify appellant as an employer. See such cases as *Clarksville Meat Co.* v. *Brooks,* 237 Ark. 717, 375 S.W. 2d 671 (1964); *Aerial Crop Care, Inc.* v. *Landry,* 235 Ark. 406; 360 S.W. 2d 185 (1962). This was a factual question for the commission and we cannot say its finding is unsupported by substantial evidence.

Appellant's second and final point is that the evidence was insufficient to support the court's ruling that appellee suffered an injury arising out of and in the course of employment. Appellant comments on a portion of appellee's testimony which makes his evidence suspect to

say the least. "At the hearing he (appellee) went into great detail about being butted by a cow on a trip to Louisiana for his employer. However, after hearing his doctor testify that he did not suffer from the type of brucellosis that is contracted from cattle, he decided to change his story to say that he had hogs as well as cattle on that trip." In support of appellee's contention that he suffered the brucellosis from handling appellant's hogs we abstract appellee's testimony:

In May and June of 1970, I was hauling mixed loads of hogs and cows; I had hogs on the upper deck the day I was butted by the cow; I loaded the hogs last; to my knowledge I did not come in contact with cattle or hogs except while working for Mr. Donaldson. I do not have any kinfolks that have cattle or hogs that I might come in contact with.

Dr. Kirk testified there was no doubt that the suis organism came from swine. He explained that transmission was by contact with the skin of the infected animal.

The test, which we have so often pronounced, is whether the evidence before the commission would have sustained a jury verdict. The commission of course had a right to believe appellee and, that being true, they could conclude that appellee contracted brucellosis suis from the handling of appellant's hogs.

Affirmed.