## Danny L. STEWART *v.* COSBY-PARSONS QUARTER HORSE RANCH

CA 80-103                                       601 S.W. 2d 590

Court of Appeals of Arkansas
Opinion delivered July 2, 1980
Released for publication July 8, 1980

*Charles E. Hanks* and *Wyman R. Wade, Jr.*, by: *Charles E. Hanks*, for appellant.

*Blair, Cypert, Waters & Roy*, for appellee.

STEELE HAYS, Judge. This is a workers' compensation case. Claimant, Danny L. Stewart, sustained an injury while employed by appellee and claims benefits under the Workers' Compensation Act.

A hearing was held before the Administrative Law Judge on June 21, 1979. The Administrative Law Judge determined, among other things, that a preponderance of the evidence indicated that appellee, Cosby-Parsons Quarter Horse Ranch, did not regularly employ three or more persons within the meaning of Ark. Stat. Ann. § 81-1302(c)(1) (Repl. 1976). The Full Commission upheld this determination by the Administrative Law Judge. Claimant brings this appeal from the decision of the commission.

His first point for reversal is that the commission's determination that there were less than three persons regularly employed by appellee at the time of appellant's injury is not supported by the evidence. Relying on the cases of *Crouch Funeral Home, Inc.* v. *Crouch*, 262 Ark. 417, 557 S.W. 2d 392 (1977) and *Brooks, Inc.* v. *Claywell*, 215 Ark. 913, 224 S.W. 2d 37 (1949), appellant alleges that an improper legal standard was used by the Administrative Law Judge and the Full Commission to reach the conclusion that there were less than three persons employed by appellee at the time of appellant's injury. We agree with appellant to the extent that the test in *Brooks, supra*, as to whether an injured employee was to receive benefits under Workers' Compensation Act was not his title but the nature and quality of the act at the time of the injury. *Crouch, supra*, supports the rule of law that when a claimant is injured while performing a service for a family member, the family relationship can not be ignored and it may be viewed as a personal service unrelated to the claimant's employment. If so, then claimant would be denied Workers' Compensation benefits.

In the instant case, we are concerned with the question of what persons should be considered employees to meet the requisite number of employees in order to come under the Workers' Compensation Act. There is no dispute that appellant was injured while working under the employment of appellee. On appeal, appellant contends that Sue Cosby, a wife of one of the partners, should be considered an employee within the meaning of Ark. Stat. Ann. § 81-1302(c)(1). We believe that a different standard should be appied to this question other than the standard in *Crouch, supra* or *Brooks, supra*. The determinative factor in ascertaining the requisite number of employees under Ark. Stat. Ann. § 81-1302(c)(1) is whether three persons are *regularly* employed in the *same* business. *Wallace* v. *Wells*, 221 Ark. 750, 255 S.W. 2d 970 (1953). See also *Donaldson* v. *Socia*, 254 Ark. 158, 492 S.W. 2d 253 (1973); *Aerial Crop Care, Inc.* v. *Landry*, 235 Ark. 406, 360 S.W. 2d 185 (1962). Larson's, *Workmen's Compensation Law* § 52 (1979) states:

> Under numerical-minimum exemption statutes, the controlling number of employees is determined in the

light of the employer's established mode or plan in the operation of his business. If he regularly employs the requisite number, he remains covered although the number employed falls temporarily below the minimum. Ordinarily only such employees as would themselves be subject to the act are included in the count. Details of interpretation should be controlled by the underlying purpose of the exemption, which is to avoid administrative inconvenience to very small employers.

Mrs. Cosby did, in fact, perform substantial services for appellee. She kept the books, hired new persons, cleaned the stalls, wrote out employee paychecks and paid some of the ranch bills. Nevertheless, the commission found that these duties were performed out of a sense of familial responsibility. There is no evidence in the record that she ever paid for her services or that she was working under a contract of employment. The question of the minimum number of employees in order to qualify appellee as an employer under the Workers' Compensation Act is a factual question for the commission and can not be disturbed on appeal unless unsupported by substantial evidence. *Donaldson* v. *Socia, supra*; *Wallace* v. *Wells, supra*.

In a Florida case with a very similar factual situation, *Subterranean Circus* v. *Lewis*, 319 S. 2d 600 (Fla. App. 1975), the Court of Appeals reversed a holding by the trial court that an employer had the requisite number of three employees to bring it under Workers' Compensation Law. A wife of one of the managers had written checks, kept payroll records, and worked at sales at the circus. The court reversed a finding that she was an employee, stating:

> This testimony of the secretary-treasurer as to keeping payroll records and writing checks for the employees certainly does not constitute proof of the elements of regularity, continuity and common employment of three or more persons required by the statute.

We believe that the facts in *Subterranean Circus* are very similar to the facts in this case. Here, however, the Commission

reached the same result as the appellate court did in *Subterranean Circus*, and we find that there is substantial evidence to support the commission's findnig that Sue Cosby was not an employee within the meaning of § 81-1302(c)(1).

Nor can we say that the commission's determination that James Whitely was not regularly employed is unsupported by substantial evidence. James Whitely testified that he worked for Harold Parsons on his farm. His place of employment was not even near the quarter-horse ranch. Occasionally, he was called upon to do odd jobs on the ranch such as feeding and watering the horses, repairing fences, and hauling off trash. However, nowhere in the record can we find that James Whitely was under a contract of employment, either express or implied, to work on the quarter horse ranch. As the commission found, the fact that he was employed by Harold Parsons indirectly benefited the Cosby-Parsons Quarter Horse Ranch. But this doesn't give him the status of an employee of the ranch when determining the requisite number of employees in order to come within the purview of the Workers' Compensation Act. The issue is a factual determination for the commission which will not be disturbed on appeal if supported by substantial evidence. *Wallace* v. *Wells, supra*. Even if we could find that James Whitely was, in some way, employed by Cosby-Parsons Quarter Horse Ranch his employment would be too irregular and of insufficient duration to be considered an employee of the ranch. See Larson's, *Workers' Compensation Law* § 52.20 (1979).

Appellant also argues that appellee waived its exemption from coverage under the Workers' Compensation Act. Appellant cites one case for this point: *McGeehee Hatchery Company* v. *Gunter*, 237 Ark. 448, 373 S.W. 2d 401 (1963). In *McGeehee*, the employer had actually obtained Workers' Compensation insurance, and the Arkansas Supreme Court held that an employer could not refuse to pay benefits under the exemption after he had already secured a policy of insurance and filed it with the Workers' Compensation Commission. This case is distinguishable in that there is no evidence that the employer ever obtained workers' compensation insurance. Claimant merely testified that he was told that he was covered by Workers' Compensation. This

testimony was disputed by Mr. and Mrs. Cosby which presents a credibility issue. Credibility is a matter lying exclusively within the province of the Workers' Compensation Commission. *May* v. *Crompton-Arkansas Mills*, 253 Ark. 1080, 490 S.W. 2d 794 (1973).

Appellee raises the issue that it comes under the agricultural farm labor exemption, but we need not discuss that issue since we find for appellee on the other points.

Affirmed.