Jacqueline STONE *v.* Raj PATEL, d/b/a Linwood Motel

CA 88-129 759 S.W.2d 579

Court of Appeals of Arkansas
Division II
Opinion delivered November 9, 1988

*Walker, Snellgrove, Laser & Langley*, by: *Todd Williams*, for appellant.

*Fulkerson & Todd, P.A.*, by: *Jerry L. Lovelace*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision of the Workers' Compensation Commission. The appellant was employed by the appellee as a maid in April 1986 and worked at the motel until July 1986 when she was injured. Her claim for workers' compensation was denied by an administrative law judge who found that the appellee was not subject to the compensation act because he did not carry on an employment "in which three (3) or more employees are regularly employed by the same employer in the course of business." *See* Ark. Code Ann. § 11-9-102(3)(A) (1987). The full Commission affirmed, adopting the law judge's opinion as its own.

Raj Patel is the owner of the Linwood Motel, which contains only 26 units. During the period in question, appellee and his wife, Val, lived and worked at the motel and the appellee had an uncle who also resided there. At the time the appellant was injured, the appellee and his wife were on a vacation trip to California and appellee's nephew was managing the motel. This appeal involves the question of whether Patel or his family members should be considered as employees in determining whether appellee had the requisite number of employees to subject him to the Arkansas

Workers' Compensation Law.

When reviewing a decision of the Commission, we must view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979).

There is evidence that when Mr. Patel is present, most of the work necessary to operate the motel is performed by him without help. His wife fills in when he is absent, but she does not assist in keeping the books or paying bills. She may, however, make beds or do the laundry on occasion. Although Mr. and Mrs. Patel live out of the money from the motel, there is no evidence that she was ever carried on the payroll or paid in money for her services. The Commission held she was not an employee, citing *Stewart* v. *Cosby-Parsons Quarter Horse Ranch*, 269 Ark. 866, 601 S.W.2d 590 (Ark. App. 1980), where the wife of one of the business partners performed substantial services for the business, but we upheld the finding of the Commission that the wife was not an employee, stating:

> Nevertheless, the commission found that these duties were performed out of a sense of familial responsibility. There is no evidence in the record that she [was] ever paid for her services or that she was working under a contract of employment.

269 Ark. at 869.

Appellee's uncle also resides at the motel, and the appellant testified that before the Patels went on vacation, the uncle would work in the garden and help with the flowers and cleaning. Appellant also testified that while the Patels were on vacation, the uncle did the laundry. The appellee testified that the uncle "helps with the gardening" but does "nothing considering the business." He denied that his uncle helped with the laundry or that he ever gave his uncle money. He did admit, however, that his uncle never paid for lodging or meals. Mr. Patel's nephew, who appellant argues was also an employee, managed the motel while the Patels went on vacation, but there is no evidence that he worked there either before or after the Patels' vacation.

In *Wallace* v. *Wells*, 221 Ark. 750, 255 S.W.2d 970 (1953), the Arkansas Supreme Court considered the statute which then provided that employment "means every employment carried on in the State in which five (5) or more employees are regularly employed in the same business." The Court said:

> We hold that Wells had five men regularly employed, although some of them worked only two days a week. The fact that five men were "regularly employed in the same business" is the determinative factor.

221 Ark. at 756. In *Stewart* v. *Cosby-Parsons Quarter Horse Ranch, supra,* this court considered the present statute which provides that employment "means every employment carried on in the state in which three (3) or more employees are regularly employed by the same employer in the course of business." During our discussion, we cited *Wallace* v. *Wells* in support of our statement that the determinative factor is whether "three persons are regularly employed in the same business," 269 Ark. at 868, and later said:

> Nor can we say that the commission's determination that James Whitely was not regularly employed is unsupported by substantial evidence. . . . Even if we could find that James Whitely was, in some way, employed . . . his employment would be too irregular and of insufficient duration to be considered an employee of the ranch. See Larson's, *Workers' Compensation Law* § 52.20 (1979).

269 Ark. at 870. In the present case, the Commission adopted the law judge's opinion finding that the uncle and nephew were nothing more than casual employees who were "not regularly employed in the business."

In defining the term "employee," Ark. Code Ann. § 11-9-102(2) (1987), provides in part: "The term 'employee' shall also include a sole proprietor or a partner who devotes full time to the proprietorship or partnership and who elects to be included in the definition of 'employee' by filing written notice with the Workers' Compensation Commission." This section of the compensation act determines the status of Raj Patel as a matter of law. Under the original statute, the definition of "employee" did not include the above reference to a sole proprietor or partner. *See*

Ark. Stat. Ann. § 81-1302(b) (Repl. 1976). That definition was amended by Act 119 of 1979 to include sole proprietors and partners under the conditions set out above. Section 3 of Act 119 provided:

> It is hereby found and determined by the General Assembly that under the present Workers' Compensation Law a sole proprietor or partner is not eligible to obtain worker's compensation coverage for himself; . . . .

It is clear that after 1979 sole proprietors could be considered employees, but only if they elected to be included in the definition of employees *and* filed their election with the Commission. *Gilbert* v. *Gilbert Timber Co.*, 292 Ark. 124, 126, 728 S.W.2d 507 (1987). There is no evidence in the record, nor is it contended, that appellee ever filed such an election.

In workers' compensation cases, the claimant has the burden of proving by a preponderance of the evidence that his claim is compensable. *Fraternal Order of Eagles* v. *Kirby*, 6 Ark. App. 198, 639 S.W.2d 529 (1982). In determining whether the party has met the burden of proof on an issue, Ark. Code Ann. § 11-9-704(c)(4) (1987) now requires administrative law judges and the Commission to weigh the evidence impartially and without giving the benefit of the doubt to either party. *Marrable* v. *Southern LP Gas, Inc.*, 25 Ark. App. 1, 751 S.W.2d 15 (1988). The determinative factor in ascertaining the requisite number of employees under the compensation act is whether three persons are regularly employed by the same employer in the same business. Ark. Code Ann. § 11-9-102(3)(A) (1987). This presents a question of fact and the Commission's decision cannot be disturbed on appeal if it is supported by substantial evidence. *Stewart* v. *Cosby-Parsons Quarter Horse Ranch, supra.*

Under the evidence and the law in this case, we must affirm the Commission's finding that the appellee did not carry on an employment in which three (3) or more employees were regularly employed in the course of the business.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.