Henry Lee ROGERS *v.* INTERNATIONAL PAPER CO.

CA 80-445                              613 S.W. 2d 844

Court of Appeals of Arkansas
Opinion delivered April 15, 1981

*Kaplan, Brewer & Bilheimer, P.A.*, by: *Silas H. Brewer, Jr.*, for appellant.

*Bridges, Young, Matthews, Holmes & Drake*, for appellee.

MELVIN MAYFIELD, Chief Judge. Henry Lee Rogers is appealing the decision of the Workers' Compensation Commission which found his employer, International Paper Company, not liable for the cost of medical treatment obtained by appellant after he changed physicians. The Commission based the decision upon a finding that appellant had failed to comply with Workers' Compensation Commission Rule 21(4). In its entirety, Rule 21 reads:

> The employer and/or insurance carrier has the right and duty in the first instance to provide prompt medical care to injured employees through physicians and hospitals of the respondents' choice. A claimant, subsequently, may obtain a change in treating physicians to a physician of the claimant's choice, the costs of such treatment to be borne by the employer or the employer's insurance carrier, provided (1) the claimant's healing period shall not have ended; (2) the claimant is not seeking to change physicians from one of his

own choice, previously selected by the claimant; (3) the physician to whom claimant wishes to change is qualified in the particular field of medicine needed for claimant's particular difficulties; (4) the claimant files with the Commission a petition for a change in physicians, gives the name of the physician to whom he wishes to change and asserts that the physician to whom he wishes to change is competent to treat his particular ailment; (5) no unresolved issue exists over whether claimant is legally entitled to medical care at the expense of respondents.

The record shows that appellant sustained cervical spine injuries on February 15, 1978, while working for appellee and received medical treatment at the appellee's first aid station. That night at home appellant could not rest or sleep so he went to the emergency room of the Jefferson Hospital in Pine Bluff where he was treated by Dr. P. B. Simpson, Jr., the physician on call. The employer accepted compensability of appellant's injuries, began paying him temporary total disability benefits, and paid for all medical treatment furnished thereafter by Dr. Simpson.

In mid-August, 1978, Mr. Rogers informed appellee's safety representative that he wanted to be examined by another physician. The request was refused and appellant then contacted his attorney who referred appellant to Dr. William F. Blankenship. Dr. Blankenship first examined appellant on August 16, 1978, saw him at intervals thereafter, and released him for work on December 5, 1978. Appellee paid temporary total disability benefits while appellant was under Dr. Blankenship's care, but refused to pay Dr. Blankenship for his medical services because of appellant's failure to follow the procedure prescribed in Workers' Compensation Commission Rule 21 to change his treating physician.

It is undisputed that appellant did not seek permission of the commission prior to changing physicians. It is his contention, however, that he (1) substantially complied with the rule, and (2) that the rule conflicts with the controlling statutory provisions.

We do not think that there was a substantial compliance. Knowing that his employer would not approve, the appellant not only made the change in physicians before he filed a petition therefor, but has never filed such a petition with the Commission. The Commission held, and our Supreme Court has indicated, that when a claimant changes physicians in such a situation he acts at his own peril as far as payment for the physician's services are concerned. See *Caldwell* v. *Vestal*, 237 Ark. 142, 371 S.W. 2d 836 (1963); *Southwestern Bell Telephone Co.* v. *Brown*, 256 Ark. 54, 505 S.W. 2d 207 (1974); and *Mohawk Rubber Co.* v. *Buford*, 259 Ark. 614, 535 S.W. 2d 819 (1976).

The statutory authority for the change of physicians at employer's expense is found in Ark. Stat. Ann. § 81-1311 (Supp. 1979) which reads: "The Commission may order a change at the expense of the employer when, in its discretion, such change is deemed necessary or desirable." In *Southwestern Bell, supra,* the petition for a change of physicians was filed after the change had been made and the Commission ordered the employer to pay the new physician's bills both retroactively and in the future. In affirming the Commission, the Supreme Court said: "As to the validity of the retroactive feature of the Commission's order, the act unequivocally provides that it is within the discretion of the Commission to grant a petition for a change of physician."

In *Mohawk Rubber Co.*, 259 Ark. at 618, the court said:

The Workmen's Compensation Commission is empowered to make such rules and regulations for the administration of the Workmen's Compensation Law as may be found necessary. Ark. Stat. Ann. § 81-1343(9). Any reasonable construction or interpretation given such rules is certainly entitled to great weight upon judicial review, even if not controlling. (Citations omitted.) Certainly if an administrative agency's interpretation of its own rule is not contrary to statute or irreconcilably contrary to the plain meaning of the regulation itself, it may be accepted by the courts.

Since there was no attempt to comply with Rule 21(4),

we find the Commission's in keeping with the plain meaning of the rule and clearly within the discretion allowed by statute. The decision is therefore affirmed.