Felton SNOW *v.* ALCOA

CA 85-46                                              691 S.W.2d 194

Court of Appeals of Arkansas
Division II
Opinion delivered June 19, 1985

*Youngdahl & Larrison, P.A.*, by: *Diane A. Larrison*, for appellant.

*Rose Law Firm*, A Professional Association, for appellee.

JAMES R. COOPER, Judge. In this workers' compensation case, the issue on appeal concerns the doctrine of estoppel as a bar to the appellee's defense of the statute of limitations.

The appellant was injured on the job in 1975 and he was paid the appropriate temporary total disability benefits. He was rated as having a 20% permanent partial disability and he accepted a lump sum payment in October, 1979 as full settlement on that claim. Had he not accepted the lump sum payment, his last payment would have been in December, 1981. The appellant received additional temporary total disability benefits in 1980. In January, 1981, the appellant retired, having reached the age of 62 after 27 years of employment with the appellee.

The uncontradicted testimony indicates that a few days before he retired the appellant had a conversation with a Mr. Holland, the individual in charge of administering the appellee's retirement and workers' compensation plans. Mr. Holland did not testify, apparently because he informed the appellee's attorney that he did not remember anything about Mr. Snow's

retirement or any conversation he had with him. The appellant testified that Mr. Holland informed him that after his retirement he could not draw any further workers' compensation benefits. The appellant testified that, but for Mr. Holland's representation to him that he would become ineligible for workers' compensation benefits upon his retirement, he would have filed for benefits for his loss of wage earning capacity. Shortly after the statute of limitations had expired, the appellant discovered that other similarly situated retired workers were drawing post-retirement workers' compensation benefits. He then contacted an attorney and shortly thereafter a claim for additional benefits was filed.

At the hearing before the administrative law judge, the appellant contended that the appellee should be estopped from asserting the statute of limitations as a defense. The appellant also contended that he was entitled to additional benefits for lost wage earning capacity because his 20% permanent partial disability rating was only an anatomical rating. The appellee argued that the claim was barred by the statute of limitations, and that the appellant's uncorroborated testimony did not establish facts upon which a finding of estoppel could be made.

The administrative law judge concluded that the claim was barred by the statute of limitations. He found that under Arkansas law estoppel may be based on an employer's conduct which lulls the employee into believing that he or she will receive benefits without filing a claim, but that no estoppel arises when the employer denies the worker's entitlement to benefits. The full Commission reviewed the record *de novo* and affirmed the ruling of the administrative law judge. From that decision, comes this appeal.

On appeal, this Court is required to review the evidence in the light most favorable to the Commission's decision and to uphold that decision if it is supported by substantial evidence. Ark. Stat. Ann., Section 81-1325 (Supp. 1983). In order to reverse a decision of the Commission, we must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Office of Emergency Services* v. *Home Ins. Co.*, 2 Ark. App. 185, 618 S.W.2d 573 (1981); *Bunny Bread* v. *Shipman*, 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1980). Further,

the question presented to this Court is not whether the evidence would support findings contrary to those made by the Commission, but whether the evidence supports the findings made by the Commission. *Reynolds Mining Co.* v. *Raper,* 245 Ark. 749, 434 S.W.2d 304 (1968). Even if the decision of the Commission is against the preponderance of the evidence, we will not reverse where its decision is supported by substantial evidence. *Hawthorne* v. *Davis*, 268 Ark. 131, 594 S.W.2d 844 (1980); *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979).

Estoppel is an equitable doctrine which is invoked in appropriate circumstances to prevent a party from prevailing on purely technical grounds after having acted in a manner indicating that the opposing party's strict compliance with the technicality would not be required. In *Foote's Dixie Dandy* v. *McHenry, Adm.*, 270 Ark. 816, 607 S.W.2d 323 (1980), the Arkansas Supreme Court stated the necessary elements of estoppel. The Court said:

> (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel had a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

*Foote's Dixie Dandy, supra*, at page 823.

We reverse the Commission's decision that the appellee was not estopped to plead the defense of the statute of limitations. Since Holland was the appellee's employee in charge of retirement and workers' compensation claims, and since he had previous dealings with the appellant on workers' compensation matters, the appellee is charged with sufficient knowledge of the facts pertinent to the appellant's potential entitlement to additional benefits after his retirement. The appellant was ignorant of his potential entitlement and, given his past reliance on Holland's judgment in workers' compensation matters, he was justified in relying on Holland's statements. Holland was not obligated to advise the appellant on workers' compensation matters, but having given advice which was erroneous, the appellee is estopped from benefitting from the appellant's justified reliance on that advice. Although we have found no Arkansas case applying the

doctrine of estoppel to the employer's denial of benefits, several other jurisdictions would reach the same result on similar facts. See, *Davis* v. *Jones*, 661 P.2d 859 (1983); *McKaskle* v. *Industrial Commission of Arizona*, 135 Ariz. 168, 659 P.2d 1313 (1982); *Kahn* v. *State of Minnesota*, 289 N.W.2d 737 (1980); *Levo* v. *General-Shea-Morrison*, 280 P.2d 1086 (1955). We reverse the Commission's decision on the estoppel issue and we remand for such further proceedings as are necessary on the issue of the appellant's entitlement to additional benefits.

Reversed and remanded.

CORBIN and GLAZE, JJ., agree.