INA/CIGNA INSURANCE COMPANY and Simpson Logging Company *v.* Delton SIMPSON

CA 88-315                                        772 S.W.2d 353

Court of Appeals of Arkansas
Division I
Opinion delivered April 26, 1989

*Friday, Eldredge & Clark*, by: *C. Tab Turner* and *Guy A. Wade*, for appellants.

*Wright, Chaney & Berry, P.A.*, by: *Dan P. Chaney*, for appellee.

JOHN E. JENNINGS, Judge. Delton Simpson, the claimant in

this workers' compensation case, began hauling wood on a contract basis with International Paper Company in 1982. Simpson did business as Simpson Logging Company, an unincorporated sole proprietorship. International Paper required workers' compensation insurance, and referred Simpson to Davis-Garvin Insurance Agency in Columbia, South Carolina. A workers' compensation insurance policy was issued by appellant, INA/Cigna Insurance Company. Thereafter, certificates of insurance were forwarded to Simpson each year although he never received the policy itself. Premium payments for the policy were withheld by International Paper and forwarded to Davis-Garvin, which deducted its brokerage fee and sent the balance to the carrier, INA.

Simpson Logging Company employed from three to five workers during the period in question. Delton Simpson managed the logging operation and drove the truck that hauled the timber. In 1986, he was injured when his truck overturned. INA paid benefits under the policy for approximately one year before taking the position that it had no liability because of Simpson's failure to file written notice under Ark. Stat. Ann. § 81-1302(b) (Supp. 1985), now Ark. Code Ann. § 11-9-102(2) (1987), which provides in pertinent part:

> The term "employee" shall also include a sole proprietor or a partner who devotes full time to the proprietorship or partnership and who elects to be included in the definition of "employee" by filing written notice with the Workers' Compensation Commission.

The form established by the Commission regulations for such a filing is called an "A-18."

The administrative law judge held that the claim for compensation was not precluded by the failure to file an A-18. The full Commission affirmed and adopted the ALJ's conclusions and findings. On appeal, INA contends that the claim is barred. We disagree and affirm.

The question whether a sole proprietor must file an A-18 form to be eligible for coverage under the act was discussed in *Gilbert* v. *Gilbert Timber Co.*, 292 Ark. 124, 728 S.W.2d 507 (1987), but the supreme court in *Gilbert* found it unnecessary to

decide the issue. We too find it unnecessary to decide the question because we agree with the Commission that INA is estopped to raise the issue.

The certificate of insurance issued to Simpson Logging stated:

> This policy for Worker's Compensation protects all members of this organization, both employer, sole proprietor, a partner or bona-fide officer of the corporation and all employees. There is no exclusion, including contract labor.

The administrative law judge noted that although the carrier had collected premiums for four years, it had failed to produce the insurance policy itself in response to a request in discovery.

Although neither the administrative law judge nor the Commission used the word "estoppel," it is clear that this was a basis for their decisions.

██ Estoppel is an equitable doctrine which is invoked in appropriate circumstances to prevent a party from prevailing on purely technical grounds after having acted in a manner indicating that the opposing parties' strict compliance with the technicality would not be required. *Snow* v. *Alcoa*, 15 Ark. App. 205, 691 S.W.2d 194 (1985). We have applied the doctrine in workers' compensation cases. *Snow, supra*. We hold that, under the circumstances presented, the Commission was correct in holding that INA may not rely on Simpson's failure to file an A-18 form to defeat coverage.

INA relies on *Carter* v. *Associated Petroleum Carriers*, 235 S.C. 80, 110 S.E.2d 8 (1959) and *Eaves* v. *Contract Trucking Co.*, 55 N.M. 463, 235 P.2d 530 (1951). In *Carter*, as in the case at bar, no written election was filed with the Commission, but in *Carter* no policy was ever issued. *Eaves* more clearly supports the appellants' position. There, the New Mexico Supreme Court seems to have required strict compliance with a statute similar to ours. It held that the filing of the policy itself as opposed to a written election was insufficient. Although it appears that the general rule is that only substantial compliance with such statutory provisions is required, *see Carter, supra*, we need not decide that issue. Here there was clearly no compliance with the

statute at all, but on these facts INA is estopped to raise the issue.

Affirmed.

CORBIN, C.J., and COOPER, J., agree.