HERMAN YOUNG LUMBER CO. and Commercial Union Ins. Co. *v.* Nora KOON and Donna Koon

CA 89-251                                          785 S.W.2d 44

Court of Appeals of Arkansas
Division I
Opinion delivered February 28, 1990

*Chester C. Lowe, Jr.,* for appellant.

*Zan Davis,* for appellee.

JAMES R. COOPER, Judge. The appellees in this workers' compensation case are the widow and the surviving child of Gary Koon, who was killed on September 15, 1986, while employed as a log truck driver by the appellant lumber company. The decedent's death was accepted as compensable. At a hearing held on June 21, 1988, the appellees contended that the decedent's death was caused in substantial part by a safety violation and that a 25% penalty therefore should attach to all benefits paid in the claim. The appellees also contended that the decedent's average wage was $200.00 per week. The administrative law judge found in favor of the appellees on both issues and awarded benefits based on those findings. On *de novo* review, the Commission adopted the findings and conclusions of the administrative law judge. From that decision, comes this appeal.

For reversal, the appellants contend that the Commission erred in finding that the decedent's death was caused in substantial part by the employer's safety violation, and in finding that the decedent's weekly wage was $200.00 per week. We affirm.

We first address the Commission's finding that the decedent's death was caused in substantial part by his employer's violation of a safety provision, thereby giving rise to a 25% increase in compensation under Ark. Code Ann. § 11-9-503 (1987).[1] The asserted safety violation involved Arkansas Department of Labor Code Part 4, Rule 5(d), which requires that:

> All trucks transporting logs and/or lumber over the highways of the State shall be equipped with four standards, at least the height of the load. . . .

The record shows that "standards" are vertical stakes positioned along the length of a logging trailer so as to cradle and contain the load. The appellants do not contend that Rule 5(b) was not

---

[1] Under prior law, the increase in compensation for injuries arising from safety violations was payable to the Second Injury Fund, whereas under current law the increase in compensation is payable to the claimant. Compare Ark. Code Ann. § 11-9-503 (1987) and Ark. Stat. Ann. § 81-1310(d) (Repl. 1976).

violated: they concede in their reply brief that the logs on the decedent's truck were stacked above the standards and that this constituted a violation of Rule 5(d). Instead, they argue that the evidence was insufficient to support a finding that the decedent's death was caused in substantial part by a safety violation because (1) the truck was not on a highway when the accident occurred; (2) there was evidence that the decedent was not required to unload the truck; and (3) there was evidence that the decedent had failed to take safety precautions which could have prevented the accident.

■ We find no merit to the appellant's first argument. Although the decedent's truck was not on the highway at the time of the accident, there was testimony that the truck was one which did operate on state highways, and the decedent's pay records indicate that he had been hauling logs from the DeWitt Refuge to Forrest City. Moreover, we think that Rule 5(d) clearly pertains to the safety of employees: Rule 5(a), (b), (c), and (d) deal with devices intended to prevent logs from falling off trucks, and Rule 5(e) and (f) require that the grade and condition of truck roads be such as to insure safe operation. Finally, the appellants concede in their reply brief that Rule 5(d) was violated.

■ Next, the appellants contend that the evidence shows that the decedent had begun to unload the truck when the accident occurred, and that Rule 5(d) is not applicable once the unloading process begins. However, the administrative law judge's opinion, adopted by the Commission, does not contain a finding that the decedent was unloading the truck when he was killed. Instead, the opinion merely notes that "it is unknown exactly what the claimant was doing at the time of his death." Although it appears from the evidence that the decedent had removed a binder and cable which helped secure the logs to the truck, Don Douglas, also an employee of the appellant logging company, testified that the removal of these devices was the driver's responsibility. Mr. Douglas also testified that log trucks were unloaded with a front-end loader, and there is no evidence that a front-end loader was found in the vicinity of the accident. We think that the Commission could reasonably conclude on this record that the decedent was merely carrying out his responsibility of removing the binder and cable when he was killed. We find no error on this point.

The appellants next contend that the evidence showed that the sole cause of the accident was the decedent's violation of three safety precautions, which they list as follows: (a) improper use of the binder; (b) pulling the cable over the top of the logs so as to draw the logs toward him, and (c) standing too close to the truck.

In determining the sufficiency of the evidence to sustain the findings of the Workers' Compensation Commission, we review the evidence in the light most favorable to the Commission's findings, and we must affirm if there is any substantial evidence to support them. *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984). We may reverse the Commission's decision only when we are convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Snow* v. *Alcoa*, 15 Ark. App. 205, 691 S.W.2d 194 (1985). Here, the Commission found that the decedent would not have been killed had the standards been of the proper height. Mr. Douglas testified that he had been employed by the appellant logging company on and off for seven years. He stated that he was assigned to the decedent's truck on the morning after the decedent was killed; that the truck had not been moved since the accident; that, with the exception of the logs which had fallen, the truck was still loaded; that the logs were stacked above the standards; and that one of the standards was approximately two feet too short. He also testified that it would be impossible for the logs to fall off the side of the truck if the load was below the standards, and he opined that the logs which fell off the truck in the accident came over the short standard. Given this testimony we think that reasonable minds could conclude that the decedent's death was caused, in substantial part, because the standards were not of the height which Rule 5(d) requires, and we hold that the Commission did not err in so finding.

The appellants next argue that the Commission erred in finding that the decedent's weekly wage was $200.00 per week. Arkansas Code Annotated § 11-9-518(a)(1) (1987) provides that:

> Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of the accident and in no case shall be

computed on less than a full-time workweek in the employment.

In the case at bar the appellant employer filed an employee wage report with the Commission stating that the decedent's pay was based on regular wages, not piece work; that the decedent was paid $5.00 per hour; and that the decedent worked 40 hours per week. The record also contains a wage log for the decedent indicating that his regular scheduled workweek was 40 hours. The Commission found that the decedent's average weekly wage was $200.00. The appellants contend that the Commission erred in so finding, and that the average weekly wage should have been computed on the actual wages received by the decedent during the ten days he was employed by the appellant logging company.

In *Gill* v. *Arkansas Forest Products, Inc.*, 255 Ark. 951, 504 S.W.2d 357 (1974), the Arkansas Supreme Court was faced with a similar case involving the accidental death of a worker employed in the timber industry. Noting that there was no guarantee of a full workweek for timber industry employees because the work was subject to weather conditions and the timber supply, the Court held that the Commission properly computed weekly wages on the basis of a 40-hour week in which work was available. The case at bar is distinguishable from *Ryan* v. *NAPA*, 266 Ark. 802, 586 S.W.2d 6 (Ark. App. 1979), where the Court of Appeals held that there was substantial evidence to support the Commission's finding that the claimant was a part-time employee and was not required to work in excess of her normal four hours per day. The question in the case at bar is not whether the evidence would support a finding contrary to that made by the Commission, but whether there is substantial evidence to support the finding the Commission actually made. *Dillaha Fruit Co.* v. *LaTourrette*, 262 Ark. 434, 557 S.W.2d 397 (1977). We hold that there is substantial evidence to support the Commission's finding that the decedent's average weekly wage was $200.00 per week, and we affirm.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.