Carl D. BURDINE; William L. Linton, and wife, Betty E. Linton; Alan Phillips; David Smith, and wife, Thelma Smith; James Edward Souter, and wife, Mary Souter; and Randall K. Yates, and wife, Debra R. Yates, Appellants,

v.

The DOW CHEMICAL COMPANY, Appellee.

No. 89–2835.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1990.

Decided Jan. 18, 1991.

---

Darren O'Quinn, Little Rock, Ark., for appellants.

William H. Sutton, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON, MAGILL and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Appellants appeal an order of the district court[1] granting summary judgment in favor of Dow Chemical Company. Appellants argue that Dow Chemical should be equitably estopped from asserting a statute of limitations defense against appellants' tort claims. We disagree and affirm.

## I. BACKGROUND

The appellants are former male employees of Dow Chemical and some of their wives. The employees sustained injuries when occupationally exposed to the agricultural chemical Dibromochloropropane, manufactured by Dow under the trade name Fumazone. Dow manufactured Fumazone from 1975 through August 11, 1977. At the time of their exposure, the employees worked for independent contractors hired by Dow to manufacture the chemical at Dow's facility in Magnolia, Arkansas. Dow ceased manufacturing Fumazone, and the chemical was banned by the Environmental Protection Agency, after the discovery that the chemical could cause various injuries to persons exposed, including testicular damage, sterility, and chromosomal mutations. Medical testing revealed that the employees suffered fertility problems from their exposure to Fumazone, including sterility and the inability to conceive normal children.

After the discovery of the employees' injuries, Dow offered them employment at Dow's Magnolia facility and other valuable benefits. Dow's offer of employment included lifetime or long-term employment at high rates of pay, generous medical benefits, fringe benefits, and transfer to a new location and purchase of the employees' homes if Dow's Magnolia facility was ever sold or closed. The employees accepted the offer and worked for Dow from 1977 until early 1987. Meanwhile, by August of 1980, the Arkansas three-year statute of limitations expired, see Ark.Code Ann. § 16–56–105 (1987), and none of the employees or their wives had filed a personal injury lawsuit against Dow.

In 1987, Dow sold its Magnolia facility to the Ethyl Corporation. Dow informed the employees it did not intend to transfer them, and the employees accepted offers of employment from Ethyl. Although the employees perform the same type of work as they had for Dow, they claim the terms and conditions of employment with Ethyl are inferior to those promised by Dow. Ethyl did not offer the employees the security of lifetime employment, and the employees

---

1. The Honorable Stephen M. Reasoner, United States District Court Judge for the Western District of Arkansas.

claim that the wages, and medical and fringe benefits are inferior.

Consequently, the employees and their wives filed a lawsuit against Dow for their personal injuries. The employees argued that although the lawsuit was filed seven years after the Arkansas statute of limitations had expired, Dow should be equitably estopped from asserting the statute of limitations because Dow's offer of employment induced the employees to forego filing the personal injury claims. The district court held that the employees failed to satisfy the elements of equitable estoppel and granted Dow's motion for summary judgment based on the statute of limitations.[2]

## II. DISCUSSION

Summary judgment is a question of law to be reviewed de novo. *Spalding v. Agri-Risk Services*, 855 F.2d 586, 588 (8th Cir. 1988); *Butler v. MFA Life Ins. Co.*, 591 F.2d 448, 451 (8th Cir.1979). A party is entitled to summary judgment only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The court must view all inferences to be drawn from the facts in a light most favorable to the party opposing the motion. However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The employees argue that summary judgment is not an appropriate remedy because a material issue of fact exists on the question of whether equitable estoppel

bars Dow from asserting a statute of limitations defense. Although the employees' claims were filed seven years after the statute of limitations expired, the employees contend that Dow's promise of lifetime employment and other benefits was specifically contingent upon their agreement to forego filing a lawsuit against Dow. Thus, argue the employees, Dow, through active wrong or negligence, mislead the employees and caused them to allow the statute of imitations to expire. Accordingly, the employees contend that fairness and equity prohibit Dow from asserting that the employees' claims are time barred.

We conclude that the district court's summary judgment determination was correct because no genuine issue of material fact exists on the issue of equitable estoppel. We are satisfied that the facts of this case, when viewed in a light most favorable to the employees, do not warrant the application of the doctrine. Therefore, the personal injury claims filed by the employees and their wives against Dow are barred by the statute of limitations.

Under Arkansas law, four elements must be satisfied to apply the doctrine of estoppel:

> (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel had a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

*Foote's Dixie Dandy, Inc. v. McHenry*, 270 Ark. 816, 607 S.W.2d 323, 326 (1980) (quoting *Gestuvo v. District Director of the United States Immigration and Naturalization Service*, 337 F.Supp. 1093 (C.D.Cal. 1971)). *Accord Northwestern Nat'l Life Ins. Co. v. Heslip*, 302 Ark. 310, 790 S.W.2d

---

**2.** The district court also concluded that "assum[ing] that the Court's foregoing analysis of the facts is wrong; ... then there would have been an accord and satisfaction." *Burdine v. Dow Chemical Co.*, No. 87–1079, slip op. at 7 (W.D.Ark. Oct. 23, 1989). We consider this conclusion to be dicta and decline to review it on appeal. It is clear from the district court's opinion that the court's holding is based exclusively on equitable estoppel. Additionally, both appellants' and appellee's briefs submitted on appeal to this court argue that the accord and satisfaction theory is not applicable to this case. Therefore, we confine our review to the equitable estoppel issue and express no opinion on the applicability of accord and satisfaction, a contract claim.

152, 153–54 n. 2 (1990); *Linda Elenia Askew Trust v. Hopkins*, 15 Ark.App. 19, 688 S.W.2d 316, 319 (1985); *Snow v. ALCOA*, 15 Ark.App. 205, 691 S.W.2d 194, 196 (1985). We agree with the district court that equitable estoppel is not applicable to this case because the third element is not satisfied.

Under the third requirement, the parties asserting estoppel must be ignorant of the true facts. The employees were not ignorant of the facts at the time they accepted Dow's offer of employment. It is clear that the employees had knowledge of their injuries in 1977 and were free to file a lawsuit against Dow at that time. The employees were aware of their exposure to Fumazone and their resulting injuries at the time such exposure occurred. The employees were medically tested at the time and apprised of their condition, and Dow did not mislead the employees about their condition or attempt to prevent disclosure of the condition. Indeed, the employees acknowledge in their brief that they "have never denied that in 1977 they became aware that they had been injured during the course of their employment by exposure to Fumazone," brief for appellants at 12, and that they were aware "of their potential cause of action against Dow and of the existence of some sort of statute of limitations." *Id.* at 24.

The employees contend, however, that despite having knowledge of their condition, Dow's offer of lifetime employment and valuable benefits was conditioned upon the employees relinquishing their lawsuit, and that this offer mislead them and caused them to forego filing their claims. The employees have submitted numerous discovery depositions which contain their testimony about the atmosphere in which the offer was made. *See* Joint Appendix vol. II, at 174. The deposition of employee Burdine is representative of the testimony:

Q: Why were you being hired, because you were exposed to Fumazone?

A: Because they didn't want me to file a lawsuit.

Q: Did [Dow's representative] say anything about a lawsuit at that time?

A: No, she did not.

Q: Did she ever say anything to you about filing a lawsuit?

A: No. That was about the only meeting I had with her about it right there.

. . . .

Q: Did she tell you that you would not have a job if you sued Dow?

A: No, she didn't have to tell me that.

Q: Why not?

A: We had enough sense to know the feeling of a couple of the supervisors there.

*Id.* vol. II, at 177–78, 179. Although the employees' testimony may indicate the atmosphere in which Dow's offer was made, the testimony does not establish that the offer was made in exchange for the employees' agreement to abandon their personal injury lawsuit. We agree with the district court's conclusion that "none of the [employees] testified that representatives of Dow ever told them that their jobs were in exchange for giving up their claims against Dow." *Burdine v. Dow Chemical Co.*, No. 87–1079, slip op. at 6 (W.D.Ark. Oct. 23, 1989). Dow, of course, would not have wanted the employees to file a lawsuit, and, based on the employees' deposition testimony, the atmosphere in which Dow's offer was made reflected this. However, we have difficulty finding, based on the record before us, that Dow's offer was conditioned on the employees relinquishing their claims.[3] Thus, because the employees were able to file personal injury claims despite (or at least in lieu of) their acceptance of Dow's offer, Dow is not precluded from asserting a defense against the tort claims based upon the statute of limitations.

The conclusion that estoppel is not applicable to this case based on the employees' knowledge of the facts is supported by two

**3.** In any event, as indicated in footnote 2, *supra* at page 635, this argument must be based upon a contract theory. As also earlier indicated, however, appellants argue in this appeal only the doctrine of equitable estoppel, using it to advance a contention that an alleged tort claim is not precluded by the application of the statute of limitations.

of the principal decisions relied on by the employees. *See Foote's Dixie Dandy*, 607 S.W.2d at 327; *Snow*, 691 S.W.2d at 196. In *Foote's Dixie Dandy*, the petitioner, a business making unemployment insurance payments to a state agency, relied on representations from the agency to determine the proper amount of such payments. The agency discovered that the payments were being made in a lower amount than allowable, and sought to recover the deficiency. *Foote's Dixie Dandy*, 607 S.W.2d at 327. In *Snow*, the petitioner, an injured employee planning to retire, failed to apply for workers' compensation benefits before the statute of limitations expired. The employee relied on his employer's representation that workers' compensation could not be claimed after retirement, but later discovered that he would have been eligible for the compensation had he made a timely application. *Snow*, 691 S.W.2d at 196. Both *Foote's Dixie Dandy* and *Snow* involved a representation of fact by a party who had knowledge of the fact, and reliance by a party who was completely ignorant of that fact. In both cases, the Arkansas courts applied equitable estoppel to bar the respondent's claim based on the petitioner's ignorance. *See Foote's Dixie Dandy*, 607 S.W.2d at 327; *Snow*, 691 S.W.2d at 196. In the instant case, however, the employees were not ignorant parties relying on Dow's representation of fact. Instead, as stated, the employees had complete knowledge of their injuries at the time the injuries were sustained, and Dow did not, through superior knowledge, induce the employees to forego a claim for their injuries. Therefore, the employees fail to satisfy the third requirement of estoppel under Arkansas law.[4]

Based on the employees' knowledge of their injuries in 1977, and their freedom to file personal injury claims against Dow for such injuries, the district court was correct in concluding that no genuine issue of material fact existed on the issue of equitable

estoppel. Therefore, Dow was not precluded from asserting a defense based on the Arkansas three-year statute of limitations, and the personal injury claim against Dow, filed in 1987, was barred by the statute of limitations.

### III. CONCLUSION

We have examined the arguments advanced by the employees and their wives and for the reasons discussed we find that the doctrine of equitable estoppel is not applicable to this case. The district court did not err in finding that the personal injury claim, filed seven years after the Arkansas statute of limitations expired, was barred by the statute of limitations. Therefore, the district court's summary judgment is affirmed.

---

**4.** The district court also held that the first element of estoppel, as well as the third element, was not satisfied. We have reviewed the court's holding and the parties' arguments on the first element of estoppel. However, because we have

concluded that the district court should be affirmed based on the third element, we do not believe that an analysis of the first element is necessary.