JENNY'S CLEANING SERVICE and Wausau Insurance Company *v.* Mary Lois REDDICK

CA 93-83                                        875 S.W.2d 856▮

Court of Appeals of Arkansas
En Banc
Opinion delivered May 11, 1994

6

*Bassett Law Firm*, by: *Curtis L. Nebbin*, for appellants.

*Tolley & Brooks*, for appellee.

MELVIN MAYFIELD, Judge. This is the second appeal of this Workers' Compensation case.

The initial claim was brought by appellee Mary Reddick who alleged she sustained a compensable injury on October 11, 1988, when she slipped and fell while leaving the premises of an apartment that she was cleaning. The appellants, Jenny's Cleaning Service, and its carrier, Wausau Insurance Company, controverted the claim for workers' compensation alleging the appellee was the sole proprietor of Jenny's Cleaning Service and not a covered employee under the Workers' Compensation Act, and it was stipulated that no filing was made with the Commission to elect coverage for her as the owner of Jenny's Cleaning Service.

After a hearing, held August 28, 1989, an administrative law judge held that the appellee was not a covered employee because she failed to file with the Commission written notice of her election to be included in the definition of "employee" as required by Ark. Code Ann. § 11-9-102(2) (1987). In an opinion filed June 15, 1990, the Commission found that the appellee was a covered employee, and the law judge's decision was remanded for a determination of whether the appellee sustained a compensable injury and, if so, the benefits to which she was entitled. The appellants appealed to this court, and in an unpublished opinion handed down June 12, 1991, we dismissed the appeal on the holding that orders of remand are not appealable orders.

On remand, after a hearing held January 21, 1992, an administrative law judge found that appellee sustained a compensable injury on October 11, 1988; that she was entitled to temporary total disability benefits at a compensation rate of $20.00 per week for a period commencing October 11, 1988, and

continuing through January 16, 1990; and that she had sustained a 20 percent physical impairment to the body as a whole but had no wage-loss disability because she was "now making wages which is obviously more than when she was working for Jenny's Cleaning Service." In an opinion filed November 24, 1992, the Commission affirmed and adopted the opinion of the law judge.

The appellants appeal from the June 1990 and November 1992 opinions of the Commission contending: (1) the Commission erred as a matter of law in determining it was not necessary for the appellee to make a formal written election for Workers' Compensation coverage; and (2) the Commission's finding that the appellee had substantially complied with Ark. Code Ann. § 11-9-102(2) and was a covered employee was not supported by substantial evidence. The appellee has filed a cross-appeal contending that the Commission's finding that she was not paid a wage was not supported by substantial evidence.

We affirm on appeal and reverse on cross-appeal.

The record on appeal consists of the transcript of the first appeal to this court as well as the transcript of the hearing after remand. The record contains testimony given by the appellee and her fourteen-year-old granddaughter, Jenny Sigmon; the appellee's daughter, Maxine Alvard (who is the mother of Jenny Sigmon); Pamela Sue Fuller, an insurance agent; and Patsy Doss, who ran a cleaning service for which the appellee had previously worked.

The appellee, a 70-year-old woman who had completed two years of high school, started Jenny's Cleaning Service in September 1987. Jenny's Cleaning Service was a sole proprietorship which employed the appellee and Maxine Alvard. Prior to September 1987, appellee worked for Patsy Doss the operator of Town and Country Cleaning, a cleaning service that cleaned newly constructed buildings for MCO. When Town and Country went out of business, Jenny's Cleaning Service took over cleaning for MCO, which required their subcontractors to carry workers' compensation insurance or allow a percentage to be taken from their checks to cover workers' compensation insurance under MCO's policy.

On September 16, 1987, appellee made application for workers' compensation insurance with Pamela Fuller. The applica-

tion, which did not elect coverage for a sole proprietor, listed Jenny's Cleaning Service as the employer, and Jenny Sigmon was listed as the "proprietor/officer, overseer" with an approximate annual salary of $10.00. The application also stated that the business had two employees and a total payroll of $8,500.00. The application bore the "signature" of Jenny Sigmon, but was actually signed by the appellee who signed the name "Jenny Sigmon."

There is some dispute as to whose idea it was to set up the business in Jenny's name. The appellee testified that Patsy Doss told her to use "Jenny's Cleaning Service" to set up the business and appellee would be covered. Maxine Alvard testified that appellee talked with her and said that the insurance agent, Pamela Fuller, said if it was set up in Jenny's name and used her social security number, then Jenny could be the sole proprietor and both Maxine and appellee would be covered if one of them got hurt. Pamela Fuller testified that the appellee gave her the information that Jenny was the proprietor and told her to set up the business in that manner. Patsy Doss testified that she explained to the appellee how to set up the business and that she had set her business up in the name of her five-year-old daughter.

On this evidence, the law judge held the appellee was not an employee of Jenny's Cleaning Service within the meaning of the Arkansas Workers' Compensation Act and was not entitled to benefits under the Act because she had failed to file written notice with the commission of an election to be included in the definition of employee as required by Ark. Code Ann. § 11-9-102(2).

The 1990 opinion of the full Commission reversed the decision of the law judge and remanded the case to him. The Commission stated:

> It is obvious to us that what took place was a comedy of errors rather than a deliberate attempt to defraud on the part of anyone. Ms. Doss told Ms. Reddick that she had had her own cleaning service set up in the name of her daughter because she was divorced and wanted to provide security for the child. Someone mentioned the arrangement to Pam Fuller, who had an office in the same building as Patsy

Doss. Ms. Fuller had only sold 3 or 4 workers' compensation policies, and it appears that she was not well versed in the subject. She and Ms. Reddick seem to have thought that the premium would be lower that way. Ms. Fuller checked a policy manual and could not find a minimum age for an owner of a business. She therefore set up the policy in the manner that was suggested by Patsy Doss, deferring to Mrs. Doss' "expertise."

There can be no doubt that the designation of Jenny Sigmon as the owner was a subterfuge and that Mary Lois Reddick was the true owner and sole proprietor of Jenny's Cleaning Service. However, we can find no dishonest intent in her action; rather, she was merely following suggestions of the previous owner and of an insurance agent. The application for insurance that she completed named Lois Reddick as an employee and truthfully showed a token annual salary ($10) for Jenny Sigmon. Mary (Lois) Reddick testified that Jenny did help her mother and grandmother clean a few times and that she was paid a small amount of money. Mary Reddick's draw from the operating account, however, was included in the payroll that she reported to the insurance company. There can be no doubt that she intended herself to be a covered employee. Pam Fuller had the same intention and knew that Mary Reddick was one of the two employees listed for the business. Furthermore, the premium was computed upon her salary. We therefore find that she was in substantial compliance with Section 102(2) and that it was unnecessary for her to file a formal A-18.

We think it important to note that Jenny's Cleaning Service, which cleaned for MCO, was subject to the Workers' Compensation Act by virtue of being a subcontractor employing one or more employees. Ark. Code Ann. § 11-9-102(3)(D) (1987).

Appellants argue that the Commission's finding that the appellee intended herself to be a covered employee and therefore substantially complied with the statute is not supported by the evidence. They contend the money drawn by the appellee was not included in the payroll reported to the insurer; that the evidence in the record supports anything but a "comedy of errors"; and that appellee is a shrewd conniving person with a fraudulent

scheme to obtain coverage without paying additional premiums. We think there is substantial evidence to support the Commission's version of the situation.

In the first place, Ms. Fuller testified that the appellee told her there would be two employees and that Jenny would not be doing any cleaning and did not need to be covered. Moreover, the copy of the application for insurance which is attached to Ms. Fuller's deposition lists the number of employees as "2" and at bottom of the front page of the application it is written "Lois Reddick-Employee(grandmother of owner)." In the second place, Ms. Alvard testified that Ms. Fuller told them to set the company up in that way so that both the appellee and Ms. Alvard would be insured. Finally, appellee testified that she went in to see Ms. Fuller who filled out an application, and both of them signed it. Appellee said that before she paid Ms. Fuller she asked "Will I be covered?" and Ms. Fuller responded if she set it up under Jenny's Cleaning Service she would be covered. The appellee said, "And I asked her three times."

Therefore, under the evidence we cannot say the Commission's finding that appellee intended herself to be a covered employee, that Ms. Fuller had the same intention, and that Ms. Fuller knew appellee was one of the two employees listed for the business is not supported by substantial evidence.

Nor do we agree with the appellants' contention that the Commission erred in finding that the money drawn from the business by the appellee was included in the payroll. The application for insurance states that the "Total Payroll Basis" is $8,500.00. In addition, the information page of the policy for the period 09-16-87 to 09-16-88 shows a "Total Estimated Annual Remuneration" of $8,500.00 upon which the premium of $411.00 is based. The business ledgers of Jenny's Cleaning Service for the period October 1987 through September 1988 reflect that Jenny's Cleaning Service received approximately $9,000.00 in gross income. From the other evidence in the record it is evident that Jenny's had at least $500.00 in expenses. Indeed, appellee paid a premium of $411.00 for workers' compensation insurance coverage. Therefore, the amount available to the appellee for payroll and her "draw" could not have exceeded $8,500.00, and there is evidence to support the Commission's finding that the

appellee's "draw" from the operating account was included in the payroll she reported to the insurance company.

Moreover, even if the initial premium was incorrectly computed, the insurer has the right to adjust the premium if more premium is owed. The policy itself states that the premium basis is subject to verification and change by audit. Indeed, the renewal policy for the period 09-16-88 to 09-16-89 reflects an increased total estimated annual remuneration of $8,925.00 and an estimated annual premium of $541.00.

Appellants also argue that the Commission erred as a matter of law when it held it was not necessary for appellee to make a formal written election for workers' compensation coverage.

Arkansas Code Annotated § 11-9-102(2) (1987), provides:

"Employee" means any person, including a minor, whether lawfully or unlawfully employed in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but excluding one whose employment is casual and not in the course of the trade, business, profession, or occupation of his employer. The term "employee" shall also include a sole proprietor or a partner who devotes full time to the proprietorship or partnership and who elects to be included in the definition of "employee" by filing written notice with the Workers' Compensation Commission.

The form established by Commission regulations for such a filing is called an "A-18."

Appellants argue that the appellee cannot be covered because, although the name of the business was in Jenny Sigmon, appellee was the sole proprietor and she failed to make a written election of coverage.

The Arkansas Supreme Court has not decided the question of whether filing the A-18 form with the Commission is essential as a matter of law for coverage under the Act. In *Gilbert* v. *Gilbert*, 19 Ark. App. 93, 717 S.W.2d 220 (1986), a three-judge panel of this court thought it was essential. (See the last paragraph of the opinion at 19 Ark. App. 96, 717 S.W.2d 222.) However,

on rehearing three judges of the court did not agree. 19 Ark. App. 96B-96F, 719 S.W.2d 284. On review by the Arkansas Supreme Court, *Gilbert* v. *Gilbert*, 292 Ark. 124, 728 S.W.2d 507 (1987), the court did not reach the issue of whether the filing of the A-18 form with the Commission was essential, but citing 4 Larson, *The Law of Workmen's Compensation*, § 92.25 (1993), the court said there is some authority for the view that filing the form is not essential. 292 Ark. at 128, 728 S.W.2d at 509. The reason our supreme court did not reach the issue of whether filing the form is essential was because it said "even if Gilbert had filed, and was eligible for coverage under the Act, insurance coverage was never obtained." *Id.*

Thus, the holding of the court of appeals as to essentiality of filing the form was not necessary to its decision because, as held by the supreme court, even if the form had been filed — no insurance had been obtained. A slightly different situation was involved in *INA/Cigna Insurance Co.* v. *Simpson*, 27 Ark. App. 222, 772 S.W.2d 353 (1989), where this court held it was not necessary to decide whether the filing of the form was essential because we affirmed the Commission's finding that the insurance carrier who had collected premiums for four years on a policy that provided coverage for the proprietor was estopped to deny that such coverage existed. Therefore, the question of whether the filing of the form is essential for coverage of the proprietor of the business has not been decided where a policy has been issued which provides for such coverage.

The question of whether sole proprietors are employees was discussed in *Stone* v. *Patel*, 26 Ark. App. 54, 759 S.W.2d 579 (1988), but the issue involved here was not involved there. In that case, the issue was whether the appellee-employer was subject to the Workers' Compensation Act and the issue turned on the question of whether the appellee's motel had three or more employees regularly employed in the same business. The Commission held the appellee was not subject to the act because he did not have the requisite number of employees. We affirmed the decision of the Commission because the appellee had not filed an election with the Commission to be included in the definition of employee. Therefore, that case is different from the instant case where the appellee wants to be an "employee" covered by workers' compensation insurance, and the policy so provides.

Thus, the question here is whether the appellee, who wanted to be covered by workers' compensation insurance and obtained a policy for that purpose, necessarily had to file an A-18 form in order to be a covered employee. The appellants contend the filing of the A-18 form is mandatory. Under the circumstances of this case, we do not agree. As our supreme court said in *Gilbert, supra,* Larson does not agree. The section of his treatise referred to in *Gilbert* concludes with a discussion of the case of *Carter* v. *Associated Petroleum Carriers,* 235 S.C. 80, 110 S.E.2d 8 (1959), where Larson, in agreeing with the dissent in that case, states:

> The dissent stressed that the compensation system, including election provisions, is for the benefit of employer and employee — and here both intended coverage. This coverage, in the dissent's view, should therefore not be thwarted for the benefit of the carrier. The majority's opinion seems to rest almost entirely on the assumption that the statute, by specifying one means of electing coverage, thereby rules out all other means. This seems to be an unnecessarily narrow interpretation. Suppose it were crystal clear, on the facts, that the employer and employee had chosen coverage, and suppose a policy of insurance had in fact been issued and had been in force for several years. Should the entire expectation of the parties be shattered and the purpose of the system thwarted merely because a method of election was not used which the statute says the employer "may" use? If the answer is "no," the result should not in principle be different because the insurance was oral, or because the thirty-day period applicable to the statutory method of election had not expired.

4 Larson, *The Law of Workmen's Compensation,* § 92.25 at 17-23 and 17-24 (1993).

We agree with *Larson's* reasoning. In our case, the appellee wanted to be covered; Ms. Fuller knew appellee wanted to be covered; and appellee purchased a workers' compensation insurance policy and paid the required premium based upon a total payroll that included the amount appellee received from the business. Under these circumstances, we cannot find that the

Commission erred in determining the appellee had substantially complied with our statute.

Finally, on this point, we note that the policy as written lists Jenny Sigmon as the proprietor and states that the sole proprietor does not wish to elect coverage; however, the appellee would be covered if she were an employee, and appellee believed she was covered as an employee. But, the insurer argues "the truth" of the matter is that the appellee, not Jenny, was the "true owner" and therefore the appellee was not covered. If "the truth" of the matter is that appellee is the "true owner," the truth of the matter also is that the "true owner" wished to elect coverage and did so by obtaining the policy of insurance which provides that she is covered as an employee. We also point out that the authority of Ms. Fuller to take the action taken by her is not questioned by the appellant. Indeed, the appellant relies upon Ms. Fuller's knowledge that the appellee was the owner of the business.

On cross-appeal, the appellee argues the Commission erred in finding she was not entitled to wage loss-disability because she was earning more wages after her injury than she had before. The law judge's opinion, which was adopted and affirmed by the full Commission, states:

> In that regard, the claimant is unable to prove that she was paid a wage. The claimant is unable to show that she reported any income to the IRS as a result of her activities for Jenny's Cleaning Service.

The record, however, contains appellee's 1988 federal tax return. Although line 7 of appellee's Form 1040 shows no wages, Schedule C of that return shows that Jenny's Cleaning Service is the business of appellee and reports a net profit of $3,039.00; and the appellee's Form 1040 shows payment of $396.00 self-employment tax. Under the authority of *Soltz Machinery & Supply Co. v. McGehee*, 208 Ark. 747, 187 S.W.2d 896 (1945), we think the profits from Jenny's Cleaning Service should be considered as wages. The opinion of the Commission does not deal with this point and we cannot tell whether it was considered by the Commission.

We therefore reverse the Commission on this issue and remand for a new determination, in keeping with this opin-

ion, of appellee's wage rate and any loss-of-earnings disability sustained by her.

Affirmed on appeal; reversed and remanded on cross-appeal.

PITTMAN and COOPER, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I dissent because I disagree with the majority's holding that, although the appellee failed to file an A-18 form, she was nevertheless in compliance with Ark. Code Ann. § 11-9-102(2) (1987), which requires a sole proprietor to file written notice with the Workers' Compensation Commission if the proprietor wishes to be included in the definition of "employee" under the Act so as to qualify for workers' compensation benefits in the event of injury.

The result reached by the majority is contrary to every indication concerning Arkansas law on the issue of whether a sole proprietor must file a written election with the Commission in order to be considered an employee under the Workers' Compensation Act. Arkansas is listed as being among those states where a sole proprietor cannot be an "employee" of the sole proprietorship within the meaning of the Workers' Compensation Act. Annotation, *Ownership Interest in Employer Business as Affecting Status as Employee for Workers' Compensation Purposes*, 78 A.L.R. 4th 973 (1990). Furthermore, an authority which the majority opinion cites as persuasive states that, under Arkansas law, an employer who fails to file the statutory form electing coverage is not an "employee" under the Arkansas Workers' Compensation Act. 4 Larson *The Law of Workmen's Compensation* § 92.25, N.25 (1993) (*citing Gilbert* v. *Gilbert*, 292 Ark. 124, 728 S.W.2d 507 (1987). Finally, we ourselves have cited the Supreme Court's *Gilbert* opinion for the very proposition we reject today. In *Stone* v. *Patel*, 26 Ark. App. 54, 759 S.W.2d 579 (1988), we said that:

> It is clear that after 1979 sole proprietors could be considered employees, but only if they elected to be included in the definition of employees *and* filed their election with the Commission. *Gilbert* v. *Gilbert Timber Co.*, 292 Ark. 124, 126, 728 S.W.2d 507 (1987).

*Stone* v. *Patel, supra,* 26 Ark. App. at 58 (emphasis in the orig-

inal).

Nor do I agree with the majority's conclusion that the appellee substantially complied with the statutory writing requirement by obtaining a workers' compensation insurance policy. It is generally held that:

> The employer's election to come within a compensation act . . . must be indicated in the manner prescribed by the act, and if the employer does not manifest his election in accordance with the statute he is not covered even though he intended to be, and believed he was, covered.

99 C.J.S. *Workmens' Compensation* § 122 (1958). The appellee in the case at bar clearly did not manifest her election in the manner prescribed by the Act. Furthermore, although we have never addressed the question of whether substantial compliance would be sufficient to fulfill the statutory requirement of a written election, *see INA/Cigna Insurance Company* v. *Simpson*, 27 Ark. App. 222, 772 S.W.2d 353 (1989), I submit that there was clearly no substantial compliance with the statutory requirement in the case at bar, where the appellee failed to list herself as the proprietor of the business in her workers' compensation insurance application, and never notified the Commission, in writing or otherwise, of her election to be considered an employee for workers' compensation purposes. In a related area of workers' compensation law, we have held that this combination of deceit and failure to file does not constitute substantial compliance. *See Rogers* v. *International Paper Company*, 1 Ark. App. 164, 613 S.W.2d 844 (1981). I see no basis for a distinction in the case at bar, and I respectfully dissent.

PITTMAN, J., joins in this dissent.