JENNY'S CLEANING SERVICE *v.* Mary REDDICK

94-561                                            889 S.W.2d 754

Supreme Court of Arkansas
Opinion delivered December 19, 1994

*Bassett Law Firm*, by: *Curtis L. Nebben*, for appellant.

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for appellee.

TOM GLAZE, Justice. In this appeal of a workers' compensation case the court of appeals affirmed the Workers' Compensation Commission on appeal and reversed on cross-appeal and we granted a petition for review of that decision. A detailed

recitation of the facts of this case is set out in *Jenny's Cleaning Serv.* v. *Reddick*, 46 Ark. App. 5, 875 S.W.2d 856 (1994).

The pertinent evidence reveals that Mary Reddick, a sole proprietor, filed an application for workers' compensation insurance. Her desire was to obtain coverage for herself as an employee of her business, Jenny's Cleaning Service. Mrs. Reddick was told by both Patsy Doss, the previous owner, and Pamela Fuller, the insurance agent from whom she purchased the insurance, that to obtain coverage as an employee, Mrs. Reddick could file an application with the Workers' Compensation Commission naming her daughter, thirteen year old Jenny Sigmon, as the "sole proprietor."[1] Mrs. Reddick filed an application in the suggested manner without in any way notifying the Commission that she wanted to be considered an employee for insurance purposes, and indicated that coverage for the "sole proprietor" was not desired.[2]

The Workers' Compensation Commission found that Mrs. Reddick had substantially complied with Ark. Code Ann. § 11-9-102(2) (1987) and was a covered employee. In a 4-2 decision, the Arkansas Court of Appeals affirmed. We disagree and consequently reverse.

Ark. Code Ann. § 11-9-102(2) (1987) provides in part:

"[T]he term 'employee' shall also include a sole proprietor or a partner who devoted full time to the proprietorship or partnership *and who elects* to be included in the definition of 'employee' by *filing written notice* with the Workers' Compensation Commission." [Emphasis added.][3]

---

[1] Pamela Fuller thoroughly contested Mrs. Reddick's version of the facts, but we accept the Commission's findings for purposes of this review.

[2] The court of appeals majority opinion incorrectly determined that the application for insurance Mrs. Reddick completed named "Lois Reddick" as an employee.

[3] Ark. Code Ann. § 11-9-102 (Supp. 1993) differs from § 11-9-102 (1987) and reads as follows:

> [T]he term "employee" shall also include a sole proprietor or a partner who devotes full time to the proprietorship or partnership. Further, however, it is to be understood that any sole proprietor or partner of a partnership who desires not to be included in the definition of employee may file for and receive a certification of noncoverage under this chapter from the commission and thereafter, or until he elects otherwise, to be conclusively presumed not to be an employee for purposes of this chapter.

The appropriate form to be filed with the Commission, in compliance with the notice requirement in Ark. Code Ann. § 11-9-102(2), is a Form A-18. Mrs. Reddick, the true sole proprietor, never listed herself as such on her workers' compensation insurance application. Moreover, she not only failed to file a Form A-18, but failed to file any kind of written notice, or give any notice otherwise, to indicate her election to be included in the definition of "employee" as clearly required under § 11-9-102(2). This court cannot affirm that Mrs. Reddick substantially complied with the statutory requirements when, in fact, her actions do not comply in the least.

On two occasions, the court of appeals has held that after 1979 sole proprietors could be considered employees, but only if they elected to be included in the definition of employees and filed their election with the Commission. *Stone* v. *Patel*, 26 Ark. App. 54, 759 S.W.2d 579 (1988); *Gilbert* v. *Gilbert Timber Co.*, 19 Ark. App. 93, 717 S.W.2d 220 (1986), *aff'd on separate grounds*, 292 Ark. 124, 728 S.W.2d 507 (1987). The court of appeals' decisions were correct.

Having failed to comply with the statutory requirement of filing with the Commission written notice of election to be treated as an "employee" for workers' compensation insurance purposes, Mrs. Reddick is not covered, and we must reverse the Commission.